## LOTT v. SCOTT et al.

### No. 5175.

Court of Civil Appeals of Texas. Amarillo.

Nov. 27, 1939.

796

Newland, Cornett & Whitworth, of Linden, for plaintiff in error.

Sanders & Scott and Howard F. Saunders, all of Amarillo, Ralph K. Jenner, of Hugo, Okl., and R. H. Forrester, of Wheeler, for defendants in error.

FOLLEY, Justice.

Three motions have been filed in this cause. The first was filed by W. D. Scott, individually, as one of the defendants in error herein, asking that we dismiss the cause for lack of jurisdiction by reason of the alleged improper service of the writ of error, and for alleged irregularities in the writ of error bond. The second motion was filed by W. D. Scott, individually and as independent executor under the will of Belle Lott, deceased, and G. L. Scott and Mrs. Lucy Teasley, defendants in error, asking that we strike the purported statement of facts herein. The third motion was filed by the same parties asking that we strike out particular portions of the purported statement of facts.

■■ We think that where the service of a writ of error is insufficient the rule is not to dismiss the suit but merely to strike the case from the docket and abate

the action until the service may be perfected, in which event the cause may be reinstated. Victory et al. v. Hamilton et al., 127 Tex. 203, 91 S.W.2d 697. However, it has been held by this court that where a defendant in error combined with a motion to dismiss the writ an unqualified motion to strike out the statement of facts he thereby waived the right to question the sufficiency of the citation. Brillhart v. Beever, Tex.Civ.App., 198 S.W. 973; Rhoades v. El Paso & S. W. Ry. Co., Tex. Civ.App., 230 S.W. 481. In the instant case the filing of the motion to dismiss and in conjunction therewith the two unqualified motions asking for relief in regard to the purported statement of facts constituted a general appearance in this court by the defendants in error and operates as a waiver of the alleged defects in the service of the citation in error. We have examined the writ of error bond and are of the opinion that it is not subject to the objections urged. The motion filed by W. D. Scott, individually, to dismiss this cause is therefore overruled.

■■ The motions relative to the purported statement of facts, however, present a more serious question. In Pacific Greyhound Lines, Inc., v. Burgess et ux., 118 S.W.2d 1100, in which a writ of error was refused by the Supreme Court, this court held that under the 1931 amendments to articles 2238 and 2239, Vernon's Annotated Civil Statutes, only two methods remained for the preparation of a statement of facts in an appeal from the district court. The first of these methods is the question and answer form prepared by the official court reporter from his notes. The second is that the parties may prepare their own agreed statement in the manner set out in article 2239. In the instant case neither of these methods was pursued. The trial court certifies that no record of the evidence was made by an official court reporter, and no such statement has been filed in this cause. Moreover, the parties have not prepared and filed an agreed statement of facts as provided by article 2239. The only statement filed herein, and to which the motions are addressed, is one over the certificate of the trial judge which does not conform to either of the methods provided by the above articles of the statutes. This same sort of statement we held in the Pacific Greyhound Lines case was insufficient under the present law. The motion of the defendants in error to

strike said statement of facts is granted and said statement as a whole is ordered stricken from the record in this cause.