### CAFFEE et ux. v. McBEE et al.
### No. 11050.

Court of Civil Appeals of Texas. Galveston.

June 27, 1940.

Rehearing Denied Aug. 1, 1940.

582

R. E. Eubank, of Paris, and C. C. Mc-Kinney, of Cooper, for appellants.

Cunningham, Lipscomb & Cole, of Bonham, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 62nd District Court of Lamar County denying the application of the appellants to have an instrument they declared upon as being the last will and testament of John H. McBee admitted to probate as such, the decree having been entered in response to special issues and the jury's answers thereto, as follows:

"Question No. 1. Do you find from a preponderance of the evidence that on March 10, 1938, John H. McBee executed the instrument of that date offered in evidence before you, by making his mark in his signature thereto for the purpose of making the signature his own?" Answer: "No."

"Question No. 2. Do you find from a preponderance of the evidence that on March 10, 1938, that said John H. McBee executed said instrument referred to in Question No. 1—if he did—in the presence of J. L. Magness and J. E. Cunningham, for the purpose of making the instrument his will and leaving his property at his death to Aaron Caffee and his wife, Ella Mae?" Answer: "No".

"Question No. 3. Do you find from a preponderance of the evidence that J. L. Magness and J. E. Cunningham each signed their name to said instrument on March 10, 1938, in the presence of John H. McBee as witnesses to the execution of his Will?" Answer: "No".

"Question No. 4. If you have found in answer to Question No. 1 above that John H. McBee executed the instrument in question, then do you find from a preponderance of the evidence that at the time of the execution of said instrument that said John H. McBee had testamentary capacity?" Answer: "No".

The cause is here without a statement of facts, under a submission thereof on oral argument for the appellees to this court at Texarkana on June 10 of 1940; thereto-fore, however, at Galveston, on June 2 of the same year, the appellants had filed in this court their motion for a reversal and remanding, upon the alleged ground of their inability, without fault upon their own part, to obtain a statutory statement of facts therein from the official court reporter of the trial court; by this court's permission the appellees filed written answer to and a contest of that motion, on June 10 at Texarkana, in connection with their stated oral argument.

Such motion and the reply thereto have been taken and considered with the cause itself, with the result that this court has become convinced that the motion is good and should be sustained.

In view of the nature and result of the suit, as in brief outline stated supra, it becomes obvious that a proper statement of all essential facts, as presented to the court below, is necessary to an adequate and authoritative review above of the action there taken; that is, it having been made to appear in this record that there was extensive testimony, both documentary and oral coming from a number of instruments and witnesses, touching the quoted issues over whether or not McBee had executed the tendered document, as well as over his mental condition as to capacity at the time, the complete absence of a reproduction of all that testimony here, would leave this court in no position to determine whether or not there had been any error of law below.

It is further made to appear that the Texarkana Court of Civil Appeals, from which, under order of the Supreme Court, this record was transferred to and filed in this court on January 27 of 1940, had, prior thereto, on or about December 21 of 1939, granted the appellants 60 days' additional time over that prescribed by law in which to prepare and file a transcript and statement of facts in this cause; hence that additional time had not expired when the cause thus came under this court's jurisdiction.

It is true the motion to remand now under consideration was not filed in this court until June 2, as recited, but the record makes plain that, in the peculiar circumstances shown to exist, the appellants had exercised all reasonable diligence, and done all they properly could have done to secure a statement of facts in question and answer form, as they requested from the Hon. W. C. Bernard, such official court reporter of the 62nd District Court, with-

in the 60-day period so allowed them by the Texarkana court; further, that, since the cause thus came under the control of this court on January 27 of 1940, with the previously-issued extension order by the Texarkana court then outstanding, appellants have, with reasonable diligence, continued up to the time of filing this their motion herein for a reversal, on the 2nd of June of 1940, their efforts to procure such a statement of facts, and that their failure to get it, both during the life of the Texarkana court's order and since that time, has not been due to the fault or negligence of themselves, but rather to a state of illness and unfortunate inability upon the part of the court reporter to furnish it.

The record is thought to conclusively show, especially the correspondence between the trial judge and appellants' attorneys, that they each and both did everything reasonable to procure the question and answer statement of facts R.S., Article 2324, calls for; but that they were severally circumvented by his continuing physical inability, against which then-existing or future condition, it not being within the capacity of any of them to know, they were all alike powerless.

It is also true that other statutes, such as R.S., Articles 2240, 2242, 2243, and 2280, provide for obtaining a statement of facts independent of the court reporter's notes, or one made by the judge; but in that connection it affirmatively appears in this instance that, due to lapse of time, the loss or absence of documents introduced, failure of memory upon the part of the trial counsel and the judge, these other methods of procuring it had become impossible; not only so, but there is convincing proof, in addition, that no other person could read the notes of Mr. Bernard taken upon this trial, when they had been found by some one else after having been lost by himself; wherefore, it seems to this court conclusive that the unfortunate physical disability of Mr. Bernard, as to which all parties concerned, including the trial judge, appear to have been most considerate, was the sole causa causans of appellants' not having procured the right they were entitled to under R.S., Article 2324; that is, to have a question and answer form of statement of facts from the court reporter, who officially took the testimony down in court.

It further appears as a matter of law, it is concluded, that they were in no condition to compel by any process of law, like mandamus, or other writ, the production of an acceptable statement of facts in this instance; because no court could compel either an incapacitated court reporter suffering with disabling illness, nor the participating judge and attorneys, who were entirely unable to remember what the testimony had been, especially in the absence of material if not indispensable documentary-parts of the testimony received, to put together a statement of facts notwithstanding.

The affidavit of the ailing court reporter of December 12 of 1939, cited and relied upon by the appellees, does not negative these findings on the controlling facts for these, among other, reasons:

(1) It shows on its face that he had left his home at Paris on October 19, nine days before appellants, in due course prosecuting their efforts to secure a statutory statement of facts from him, mailed him their letter of October 28, inquiring when they could procure it at the earliest date from him;

(2) He neither answered that October 28th letter, nor ever thereafter at any time disclosed his willingness or physical ability either to appellants or to the district judge to make up such a statement;

(3) This court cannot go behind the Texarkana court's 60-day order of extension, hence all questions touching appellants' diligence are referable to their subsequent acts, under and pursuant to that order;

(4) Here again the record conclusively shows such efforts were begun immediately after the issuance of that order and pursued steadily, with the same unsuccessful results—that is, finding that the court reporter was both inaccessible and unable physically to make up the statement of facts—up to and until the filing of this motion here on June 2 of 1940.

The facts here presented seem to bring this cause squarely under the rule applied by our Supreme Court in Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697. Under this construction of that holding, it becomes unnecessary to cite other authorities, since, under it, the plain duty of this court, as well as its plenary power, is to reverse this judgment and remand the cause to the court below for another trial; it will be so ordered.

Appellants' motion granted, and cause reversed and remanded.