## CRAWFORD v. CRAWFORD.
### No. 11425.

Court of Civil Appeals of Texas.,
San Antonio.

July 12, 1944.

Rehearing Denied Aug. 9, 1944.

G. Woodson Morris and Tom J. Newton, Jr., both of San Antonio, for appellant.

Russell B. Wine, of San Antonio, for appellee.

SMITH, Chief Justice.

In this suit brought by him, Paul D. Crawford was awarded a decree of divorce from his wife, Mary S. Crawford, to whom the custody of their two minor children was awarded. Mary S. Crawford has appealed from the decree of divorce.

The controlling question raised in the appeal is disclosed in appellant's bill of exception, duly approved by the trial judge, as follows:

"Be it remembered that on this the 13th day of March, 1944, came on to be heard the matter of the settling of the Statement of Facts in this cause, and it appearing to the Court that three days after the trial of this cause and the giving of the notice of appeal by defendant, to-wit: On January 18th, 1944, the defendant ordered from Mr. Henry L. Gazley, deceased, the Official Court Reporter of this Court a Statement of Facts in Question and Answer form, with the request that he prepare same at the earliest possible time, but before making and preparing same said Court Reporter died on or about the 26th day of January, 1944; that after his death the attorneys for defendant, in their endeavors to obtain a Statement of Facts herein, discovered that said Court Reporter had dictated prior to his death into a dictaphone some of the testimony adduced upon the trial of this cause, and that they had all of such said testimony, which only consisted of nine pages, run off, and that thereafterwards attorneys for defendant made diligent efforts to have various other reporters in this county read the notes of the said deceased court reporter, but, due to the fact that the deceased Court Reporter wrote a different system of shorthand than their own, they were unable to read such notes and defendant was unable to obtain any more of such testimony, and it further ap-

pearing to the Court that after it was discovered that such reporter's notes could not be read and a Statement of Facts obtained as were actually testified to by the witnesses, the Court was powerless to grant the defendant a new trial because she had at that time perfected her appeal of the case to the Fourth Supreme Judicial District of Texas sitting at San Antonio, by filing and having approved by the clerk her appeal bond herein, thus consequently depriving this Court of jurisdiction to grant defendant a new trial, and further that the defendant prepared her version of the Statement of Facts herein, the first nine pages of which consisted of the part so dictated by the deceased Court Reporter, as aforesaid, and presented same, both the original and duplicate, as her proposed Statement of Facts to counsel for plaintiff on February 16, 1944, and that same remained in the hands of counsel for plaintiff for a period of ten days, but that counsel for plaintiff refused to agree thereto, and further that, under such circumstances, it being the duty of the Court to prepare and file a Statement of Facts in the case, the Court thereupon prepared in original and duplicate form the Statement of Facts signed by him herein, but that attorneys for defendant refused, and did not agree thereto, and objected and excepted to such Statement of Facts prepared by the Court on the ground that same was not in accordance with the facts as testified to by the witnesses upon the trial of the case, and thereupon asked and requested of the Court that the Statement of Facts prepared by defendant be and constitute the Statement of Facts in this cause, but the Court refused defendant's such request, and to which action and refusal of the Court thereto the defendant objected and excepted, and requested of the Court that her proposed Statement of Facts, both original and duplicate, so prepared by her, as aforesaid, be and the same constitute a part of this her Bill of Exception herein and a part of the record herein and it is therefore accordingly ordered, adjudged and decreed by the Court that the Statement of Facts so prepared by defendant, as aforesaid, be filed herein and same be and constitute a part of this her Bill of Exceptions and a part of the record herein."

The statement of facts made up by the trial judge and sent up with the record as the statement of facts in the case consists, first, of the nine pages of question and answer transcript of the testimony taken down in shorthand and dictated into a dictaphone by the official court reporter before his death, and, second, of ten pages oral testimony in narrative form. The composite statement of facts was prepared and certified by the trial judge as constituting "a substantially true and correct transcript, both in question and answer and in narrative form, of all the testimony adduced upon the trial of this cause." This statement of facts was prepared and certified after it was ascertained that only a partial question and answer transcript could be obtained and after appellant had tendered to appellee and the trial judge, which was by them rejected, a composite question and answer and narrative statement in like form and, as far as it went, in like substance as that certified and filed by the judge. Subsequently, appellant formally requested the trial judge to prepare and file his findings of fact and conclusions of law, which was done, and to which appellant made no specific objections, or requests for additional or different findings.

In her first point appellant asserts that because of the untimely death of the court reporter, "thereby rendering it physically impossible for her to obtain such statement of facts and her inability to procure same was brought about through no fault or negligence of herself or her attorneys, she is entitled, and it is within the power of the Court, to reverse the judgment from which she has appealed, for, without same, no adequate and authoritative review of the case can be made."

To support the point appellant cites and relies upon the Texas cases of Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697, and Pacific Greyhound Lines v. Burgess, Tex.Civ.App., 118 S.W.2d 1100, writ refused, hereinafter adverted to. We overrule appellant's first point for reasons to be now stated.

The forms and methods of procuring statements of facts in civil actions are now prescribed in Rule 377, Vernon's Tex.Civ. Procedure, p. 367. The sources of the rule are Arts. 2238, 2239, R.S., as amended by Acts 1931, 42d Leg., 1st C.S., p. 75, Ch. 34, §§ 2, 3, Vernon's Ann.Civ.St. arts. 2238, 2239, which were superseded by the rule. Pertinent provisions of Rule 377 are as follows:

994

"Rule 377. Statement of Facts.

"(a) Testimony. The testimony of the witnesses need not be in narrative form but may be in question and answer form. A party may prepare and file with the clerk a condensed statement in narrative form of all or part of the testimony and deliver a true copy thereof to the opposing party or his counsel, and such opposing party, if dissatisfied with the narrative statement, may require the testimony in question and answer form to be substituted for all or part thereof. * * *

"(c) Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or whenever, with or without such a request, a statement of facts is filed or offered for filing by appellant, the appellant shall deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired * * * in question and answer form, if any, and the portions that are desired to be omitted. Within ten days thereafter any other party to the appeal may file a designation in writing of any additional portions of the evidence to be included, specifying the portions desired in narrative form, if any, and the portions desired in question and answer form, if any.

"(d) Approval of Trial Court Unnecessary. It shall be unnecessary for the statement of facts to be approved by the trial court or judge thereof when agreed to by the parties. If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth.

"(e) If either party arbitrarily requires in either narrative or question and answer form more of the testimony than is necessary, he shall be required to pay the cost thereof, even though he is successful on the appeal."

■ Prior to the effective date of Rule 377, the procedure for procuring and the requisites of a statement of facts in civil cases were prescribed in Arts. 2238 and 2239, supra. It was there provided that such statement of facts should consist of a question and answer transcript of the testimony, or, in the alternative, a narrative thereof agreed to by the parties. All other forms of statement of facts were prohibited. Particularly, there was no provision for a statement of facts to be prepared and certified by the trial judge, if the parties could not agree. Victory v. Hamilton, supra; Pacific Greyhound Lines v. Burgess, supra; Lott v. Scott, Tex.Civ. App., 134 S.W.2d 795; Caffee v. McBee, Tex.Civ.App., 142 S.W.2d 581, writ refused. Appellant relies upon the two cases first cited above.

In the cited cases the appellants timely requested the official court reporters to furnish question and answer transcripts of the testimony, but because of the court reporters' death or disability, and through no fault of diligent appellants, the latter were prevented from securing and filing a question and answer transcript of the testimony, and as the parties were unable to agree upon a narrative, no properly authenticated statement of facts was obtainable in the appeals. It was held in the cited cases that under the circumstances stated the appealing party was entitled to a question and answer transcript of the testimony; that the right was a valuable one which could not be denied him under the circumstances; that this right could be preserved "in no other way than by retrial of the case."

In Victory v. Hamilton, supra, the appellants were prevented, by the untimely death of the court reporter, from procuring a question and answer statement of facts, and the parties could not agree upon a narrative, and since the statute did not provide for but prohibited any other character of statement of facts, none was filed or sent up with the record. Moreover, the trial judge refused to certify to a statement of facts, making affidavit to his inability to certify a true statement. These facts, and the difference between the statutory rules under which the case was decided and the provisions of Rule 377, clearly and materially distinguish that case from this.

In Pacific Greyhound Lines v. Burgess, supra, also decided under Arts. 2238, 2239, the facts were the same as in Victory v. Hamilton, except that the trial judge did prepare, certify and file a statement of

facts. The court, in an opinion by Mr. Justice Folley, then of that court, held that as the statute prohibited any other character of statement of facts than an agreed narrative or question and answer transcript of the testimony, neither of which was available in the case, the trial court should have granted a new trial, for which purpose the judgment was reversed and the cause remanded. It is true that Art. 2240, in force at the time of the enactment of Arts. 2238, 2239, provided that in case of disagreement of the parties over a statement of facts the trial judge would settle the differences by himself preparing and filing a true statement of facts, and if that Article had been available in the Pacific Greyhound Lines v. Burgess appeal that case would have been precisely the one presented here. But in that case the appellate court held, point blank, that Art. 2240 was repealed by the Act of 1931, Arts. 2238, 2239, and the trial judge had no authority to make a statement of facts, whereby that case is clearly and materially distinguishable from this, in that in this case, under Rule 377, the trial judge was empowered to and did prepare, certify and file a statement of facts, upon the failure of the parties to agree upon one in any form.

Among other cases following the holdings in the two cases discussed above are Lott v. Scott, Tex.Civ.App., 134 S.W.2d 795; Caffee v. McBee, Tex.Civ.App., 142 S.W.2d 581, writ refused.

It will be observed, then, that the cases relied upon by appellant and all other analogous cases coming to our notice, where new trials were ordered because of the excusable inability of the appealing party to obtain a question and answer transcript of the testimony, or an agreed narrative in lieu thereof, the existing rule, then statutory, prohibited resort to. any other character of statement of facts. In those cases both alternatives were unavailable to the appellants, resulting in the absence of any statement of facts from the record, thereby in effect cutting off the right of appeal to the appellants through no fault of their own.

■■■ This hiatus in the process of appeal, or rather restriction upon the methods of securing to litigants the right of appeal, resulted from a series of acts of the 42d Leg., which passed no less than three inconsistent acts upon the subject. The Supreme Court in due course bridged the hiatus and removed the restriction by adopting Rule 377, and incorporating therein the provision that in cases of disagreement among the parties upon the statement of facts the trial judge was given the power and it was made his duty to settle those differences by preparing and filing a statement of facts to "be by him made to conform to the truth." After all that may be said, that was done by the trial judge in this case. It should be added that from recitals in the bill of exception covering these transactions and quoted above, it appears by implication that the trial judge may have been reluctant to assume the duty of making up a statement of facts, because of the unavoidable absence of a question and answer transcript, and might have granted appellant a new trial, had not the filing of appellant's appeal bond intervened to deprive him of the power of granting that relief. But this implication is not conclusive and its import was neutralized by the fact that the learned judge did thereafter prepare and file a statement of facts which he certified "constituted a substantially true and correct transcript, both in question and answer and narrative form, of all the testimony adduced upon the trial of this cause." This action of the trial judge was induced or at least was justified by appellant when she herself prepared and tendered a statement of facts in like form, if not substance; and certified to the same in language identical with that used in the judge's certificate, and proposed that the same "be filed as a statement of facts in this cause." Aside from all other incidental questions, we think it fair to assume that by tendering the composite statement of facts appellant, in effect, invited the trial judge to prepare and file in like form the statement of facts accompanying the record, and thereby failed to show injury from her inability to procure a complete question and answer transcript of the testimony in the case. Appellant does not contend that any specific testimony was omitted from or incorporated in the statement of facts—she stands, simply, upon the bald contention that she was entitled to a complete question and answer transcript as a matter of absolute right, and for reversal because of its absence through no fault of her own. We overrule the contention.

We think appellant emphasized her waiver of the right to complain of the absence of a complete question and answer tran-

script by requesting the trial judge to prepare and file his findings of fact in the case. In response the judge did prepare and file full findings upon all material issues in the case, of none of which appellant complains on this appeal, except by urging, in her third point, that in the absence of a question and answer transcript of the evidence, it is impossible to determine whether these findings have "sufficient basis and warrant in the statement of facts." The evidence set out in the statement of facts filed in the case amply supports the trial judge's findings of fact.

■ Appellant's second point is best stated by copying it, as follows:

"The conclusion of law of the Court that the plaintiff had proved the allegations of cruelty contained in his petition by a preponderance of the evidence clearly demonstrates that he followed the wrong rule of evidence provided for under the law in such cases, since Article 4632 expressly provides that the decree of the Court shall be rendered upon full and satisfactory evidence, which is a far more onerous burden of proof than that of a preponderance of the evidence."

The trial judge not only found and rendered judgment upon a "preponderance of the evidence," but further recited in the decree that "the Court, having heard the pleadings read and the evidence and argument of counsel, is of the opinion that the material facts alleged in Plaintiff's Petition have been proven by full and satisfactory evidence." We overrule appellant's second point.

The judgment is affirmed.

NORVELL, Justice (concurring).

Appeal from Bexar County.

I concur in the judgment of affirmance entered herein upon the following grounds:

The appellant filed herein a proposed statement of facts prepared by her in accordance with the provisions of Rule 377, R. C. P.

This proposed statement of facts in its entirety is a part of the record on this appeal as a part of a bill of exceptions.

In my opinion, appellant's proposed statement of facts supports the trial court's conclusion "that the cruelty on the part of the defendant (appellant) towards the plaintiff (appellee) was of such a nature as to render their further living together as husband and wife insupportable."

In substance, the only point raised by appellant, other than those complaining of the lack of a question and answer statement of facts, puts forth the contention that the evidence fails to support the conclusion of the trial court above set out.

In my opinion, a party who submits a proposed statement of facts which shows that the trial court rendered a judgment free from error is in no position to complain of the lack of a reporter's Q and A. We certainly can not assume that the Q and A would show a state of facts more favorable to appellant than the statement which she prepared. Appellant makes no such contention here. Seemingly her contention is that while the statement of facts prepared by the trial judge may support the disputed conclusion, the statement prepared by her does not and therefore she is entitled as a matter of right to a reporter's Q and A to settle any conflicts existing between her proposed statement of facts and that prepared by the trial judge. Since under my view of the case either appellant's proposed statement or the trial court's statement supports the judgment, appellant has not been prejudiced by the inability to procure a reporter's Q and A and the judgment appealed from should be affirmed.