## JESSEN v. SCOTT. (No. 2226.)

Court of Civil Appeals of Texas. El Paso. Oct. 25, 1928.

Knollenberg & Cameron, of El Paso, for plaintiff in error.

Harrison & Scott, of El Paso, for defendant in error.

HIGGINS, J. On March 7, 1928, defendant in error, Scott, recovered judgment in the sum of $677.83, against the plaintiff in error, Jessen. On August 17, 1928, Jessen filed petition for writ of error and cost bond.

Appearing solely for such purpose defendant in error moves to dismiss the writ of error, and, if such motion be denied, then that the cause be stricken from the docket of this court.

The grounds of the motion are a number of alleged defects in the citation and sheriff's return.

The return does not show that a true copy was delivered to the defendant in error *in person*, as required by article 2261, R. S. The omission of the italicized words is fatal. Womack v. Slade (Tex. Civ. App.) 23 S. W. 1002; American, etc., v. Rodriguez (Tex. Civ. App.) 145 S. W. 654; Felton v. Seeligson (Tex. Civ. App.) 253 S. W. 896. Nor does the

return show when the citation was served as required by article 2261.

The defects noted are regarded as fatal; hence the other objections urged to the return and to the sufficiency of the citation itself need not be considered.

■ Plaintiff in error has filed a petition for certiorari, but, obviously, certiorari is not the proper way to correct the deficiencies noted. The proper method is pointed out in the cases later cited. The petition for certiorari is therefore denied.

The defects in the citation in error and the return thereon do not require dismissal of the writ. The proper procedure is to strike the cause from the docket of this court (Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Schonfield v. Turner [Tex. Sup.] 6 S. W. 628; Crane'v. Hogan [Tex. Sup.] 7 S. W. 57), with leave granted the plaintiff in error to withdraw the transcript filed herein to the end that he may take such action as he may wish and deem appropriate to perfect the writ of error. Rhoades v. El Paso & S. W. Ry. Co. (Tex. Civ. App.) 230 S. W. 481.

It is so ordered.