BIRDIE VICTORY ET AL. V. ROBERTA HAMILTON ET AL.

No. 6582. Decided March 18, 1936.
Rehearing overruled April 8, 1936.
(91 S. W., 2d Series, 697.)

*C. E. Florence* and *Edwin M. Fulton,* both of Gilmer, and *R. E. Minton,* of Lufkin, for plaintiffs in error.

It was error for the Court of Civil Appeals to refuse to strike the case from the docket because the record was filed therein before service was complete. Weems v. Watson, 91 Texas, 35, 40 S. W., 722; American Natl. Ins. Co. v. Rodriquez, 145 S. W., 654; North River Ins. Co. v. Hipsher, 274 S. W., 1019.

*E. B. Hendricks* and *Frank R. Graves,* both of Fort Worth, for defendants in error.

It was not error for the Court of Civil Appeals to refuse to

strike the cause from the docket for the reason that all the defendants in error had duly entered their appearance in the Court of Civil Appeals and thereby waived all defects, if any, on the failure to procure service of citation in error on the defendant Rose Dorothy Victory. Holloman v. Middleton, 23 Texas, 537; Chambers v. Shaw, 16 Texas, 143; Rhoades v. El Paso & S. W. Ry. Co., 230 S. W., 481.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Roberta Hamilton and others sued Birdie Victory and others in trespass to try title and for damages. In a separate count they sought to set aside and cancel four deeds and to recover $35,961.00 bonus money, $2,500.00 rentals and their proportionate part of royalties produced from leases of said premises for oil and gas. The defendants filed a cross action against the plaintiffs in trespass to try title. After all the evidence was introduced the trial judge peremptorily instructed a verdict for the defendants. The plaintiffs gave notice of appeal, but were unable to furnish bond within the time provided therefor. Before the expiration of six months they were able to furnish an acceptable writ of error bond, whereupon they timely filed same and a petition for writ of error, and within 60 days filed the transcript in the Court of Civil Appeals. No citation in error was served upon Rose Dorothy Victory, one of the defendants in the trial court, but for reasons hereinafter set forth, it is concluded that she waived such service by entering her general appearance in the Court of Civil Appeals. Further statement with regard to that question will be made later in the opinion.

Within 60 days from the filing of the transcript they filed a motion in the Court of Civil Appeals supported by the affidavits of various persons setting up the following facts: Immediately upon completing their arrangements to perfect their appeal by writ of error, the parties ordered a statement of facts in question and answer form from E. C. Jones, the official Court Reporter, and, at his request, paid him $50.00 as an advance payment thereon. At the time the order for the statement of facts was received by Mr. Jones he was confined to his bed by illness and was wholly unable either to prepare same himself or to dictate it from his notes to another stenographer. Shortly thereafter Mr. Jones died, and thereupon the attorneys for the parties prosecuting the writ of error made diligent effort to have the notes transcribed by other shorthand writers and experts, but none was able to do so. The attorneys could not recall from memory the testimony of the witnesses or the substance thereof.

The prayer of this motion was that the Court of Civil Appeals review and consider the affidavits and enter such order in the premises as equity demanded to the end that justice might be done. In response to this motion, the court granted an extension of time until a named date in which to prepare and file a statement of facts.

Before the expiration of that time Roberta Hamilton et al., plaintiffs in error in the Court of Civil Appeals, filed a motion in that court, the prayer of which was that the case be reversed and remanded to the trial court because of their inability to make out or procure a correct statement of facts and bills of exceptions. This motion was verified by affidavits showing due diligence of the attorneys and their inability to prepare a statement of facts, and by an affidavit by Honorable Sam R. Scott, the trial Judge, in which he states that, if he were called upon to make out a certified statement of facts and bills of exceptions reserved in, and preserved by, such statement of facts, without the assistance of the transcript of the reporter's notes taken at the trial, he could not do so in justice to all parties. This motion was contested by the defendants in error in the Court of Civil Appeals, and to their contest they attached what they claimed to be a correct statement of facts in question and answer form. After considering the motion and contest, with the exhibits attached to each, the Court of Civil Appeals by a memorandum opinion, which seems not to have been published, granted same and entered its order reversing the judgment of the trial court and remanding the cause thereto for a new trial. Writ of error was granted on an assignment presenting the contention that the Court of Civil Appeals was not authorized to enter any order in the case save one striking the cause from its docket, because no citation in error had been served upon Rose Dorothy Victory, one of the defendants in error in the Court of Civil Appeals, and that question will receive our first consideration.

■■ It is a well-established rule that a record is not properly filed in the appellate court until there has been service of citation in error, and that the correct practice is to strike from the docket a cause in which the record has been filed before service has been completed. Vineyard v. McCombs, 100 Texas, 318, 99 S. W., 544; Weisenberger v. Weisenberger, 299 S. W., 915; Jessen v. Scott, 10 S. W. (2d) 185. The rule is equally well established in our practice that a general appearance, as distinguished from a special appearance, in the appellate court operates as a waiver of service of citation in error. 4 Tex.

Jur., pp. 653 to 655, Secs. 28 and 29. A consideration of the record presented has led to the conclusion that Rose Dorothy Victory made a general appearance in this cause in the Court of Civil Appeals. That conclusion is based upon the following:

■ The transcript discloses that, in the trial court Rose Dorothy Victory and A. S. Victory were represented by Honorable R. E. Minton, and that the other defendants were represented by other attorneys. On March 4, 1933, there was filed in the Court of Civil Appeals by Mr. Minton, as attorney for Rose Dorothy Victory and A. S. Victory, a waiver of the issuance and service of notice of the filing of a motion to reverse and remand the cause because of the inability of the plaintiffs in error in that court to secure a statement of facts and bills of exceptions. Thereafter, on March 15, 1933, a reply to that motion was filed. The opening paragraph of that reply begins as follows: "Comes now Birdie Victory, one of the defendants in error in the above styled and numbered cause, etc." The second section of that reply, separately numbered, reads as follows:

"And, in the alternative, and to be considered by the Court only in event it is of opinion that plaintiffs in error's Motion should be granted, then come these defendants in error and say that for their private use, only, they had a stenographic record in shorthand taken by one person and notes in long hand taken by another, both of which reports have been transcribed and carefully compared and corrected, and from them a question and answer statement of the substance of all the testimony of all the witnesses has been compiled, with a notation that objection was made (where made) but not the objection, which question and answer report is hereto attached and marked "Exhibit A," and that the attorneys whose names appear below were present and participated in the whole of the trial of said case and know that said statement of facts is the full substance of all testimony offered by the witness upon the trial of said cause."

All of the attorneys, including Mr. Minton, signed and made affidavit to this reply. The effect of this reply, as to those in whose behalf it was filed, was to invoke the jurisdiction of the Court to determine a question other than its own jurisdiction, and it, therefore, constituted a general appearance of all such parties. While it does not affirmatively disclose that same was filed in behalf of Rose Dorothy Victory, yet we cannot say that "these defendants in error" did not refer to all of the defendants in error, and we can account for the joinder of Mr. Minton

therein upon no other ground than that he was appearing for his clients, Rose Dorothy and A. S. Victory. The Court of Civil Appeals was in better position to pass upon that question than are we, and we will not disturb its finding, necessarily implied from the judgment rendered, that the reply was filed in behalf of Rose Dorothy Victory.

Since the memorandum opinion written by the Court of Civil Appeals setting forth its reasons for reversing the trial court's judgment contains findings of fact and has not been published, we here quote it:

"The case was tried and a judgment was entered in favor of the defendants and the plaintiffs have appealed. It appears that the attorneys for the plaintiffs made request of the Court Reporter for a statement of facts, and paid him therefor the sum of $50.00 cash. The Reporter was taken ill and died before transcribing his notes and getting out a statement of facts. The District Judge trying the case makes affidavit that he is unable to certify a true statement of the facts. It is shown that the plaintiffs have made diligent effort to obtain the statement of facts and have failed to do so.

"It is within the power of the Court to reverse the judgment from which the appeal has been made where an appellant has been deprived of a statement of facts without fault or negligence of himself or attorney. Wandry v. Williams, 103 Tex., 91; Stryker v. Van Velzer, 212 S. W., 674; Blount v. Lewis, 49 S. W., 405; Joachim v. Hamilton, 186 S. W., 251. The death of the Reporter is a much stronger case than the above cases.

"The costs of this appeal, however, should not be taxed against the defendants in error as they are in nowise responsible for the unfortunate situation existing in the appeal.

"The judgment is reversed and the cause is remanded for another trial. The plaintiffs in error to pay costs of the appeal."

■ The question of whether the Court of Civil Appeals was authorized to reverse and remand the cause for the reasons stated in this memorandum must be determined in the light of the statutes as they now exist and existed at the time the order of reversal was made. The relevant statutes are: Articles 2237, 2238 and 2239, as amended by the 42nd Legislature, 1931, 1st. Called Session, p. 75, ch. 34. In substance these articles, as amended, provide for a statement of facts in question and answer form; for objections to the admission or exclusion of evidence or to any of the court's rulings to be incorporated

therein in lieu of formal bills of exceptions, with a provision that the parties may, if they desire, file a statement of facts in narrative form showing only evidence and facts relating to questions of which review is sought. These statutes, as amended, effect a material change in our practice with reference to the preparation and filing of statements of facts. It would be unreasonable under these statutes to require a litigant to be prepared at his peril to reproduce the facts in question and answer form. In order to be able to do so he would be required to employ his own private stenographer to take the testimony at the trial. The appealing party is entitled to a statement of facts in question and answer form, and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. We cannot say that the Court of Civil Appeals was without authority to enter the order reversing and remanding this cause or that it abused its discretion by so doing. Its judgment is, therefore, affirmed.

Opinion adopted by the Supreme Court March 18, 1936.

Rehearing overruled April 8, 1936.