**PACIFIC GREYHOUND LINES, Inc., v. BURGESS et ux.**

**No. 4903.**

Court of Civil Appeals of Texas. Amarillo.

May 16, 1938.

Rehearing Denied June 29, 1938.

Gibson & Sutton, of Amarillo, for appellant.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellees.

FOLLEY, Justice.

This suit was filed by Dean F. Burgess and wife, Betsy Burgess, plaintiffs in the trial court and appellees herein, against the Pacific Greyhound Lines, Inc., R. W. Lee, doing business in the trade name of Leeway Stages, and the Wichita Falls Bus Company, defendants in the trial court, the first named defendant being the only appellant herein. It was alleged that in March, 1935, the first named defendant operated a line of passenger motor buses between Los Angeles, California and Albuquerque, New Mexico; that the second named defendant operated similar motor buses between Albuquerque and Amarillo, Texas, and that the last named defendant operated such buses between Amarillo and Memphis, Texas; that all of said defendants maintained traffic arrangements for through passage of passengers over their successive routes; that on or about the 3rd day of March, 1935, the plaintiff, Betsy Burgess, purchased a ticket at Long Beach, California, for passage as a passenger from Los Angeles to Memphis, Texas, and began her journey on said date; that she rode on the bus of defendant Pacific Greyhound Lines, Inc., from Los Angeles to Albuquerque; that she rode on the bus of R. W. Lee from Albuquerque to Amarillo, where she boarded the bus of the Wichita Falls Bus Company, on which she rode to Memphis; that during her trip she was exposed to noxious, poisonous and injurious gas or fumes upon the bus of the first named defendant, and, if not, then upon the bus or buses of some one or more of the other defendants; that each of the defendants was negligent about the up-keep and maintenance of his respective bus; that plaintiff first noticed some abnormality in the condition of her health at the time she reached Albuquerque; that she continued to grow worse until she reached Memphis where she became deathly sick and collapsed unconscious; that she had medical attention at Memphis, was confined to her bed about a month and continued to suffer bodily damage which will be permanent; and that the injuries she received were the proximate results of the negligence of the defendants and that plaintiffs were damaged in the sum of $2,750.

The defendants filed a general demurrer and general denial. The case was submitted to a jury upon special issues as to the liability of each of the defendants. The jury found the Pacific Greyhound Lines, Inc., the appellant herein, guilty of the acts charged against it, assessed the damages at $2,750, and exonerated the other two defendants. The trial court entered judg-

ment for plaintiffs against the Pacific Greyhound Lines, Inc., for the sum of $2,750 and denied any recovery against the other defendants.

The appellant, Pacific Greyhound Lines, Inc., then filed its motion for a new trial and later filed its first supplemental motion for a new trial. Between the date of the filing of its original motion and its first supplemental motion for a new trial, W. N. Baker, the official court reporter who took down the testimony during the trial, died. In its first supplemental motion for a new trial, the appellant set out this situation as a ground for a new trial alleging that it was entitled to a transcript of the evidence in question and answer form, and that there was no one who could read the shorthand notes of W. N. Baker. Evidence was introduced on such motion from Norman C. Minter, court reporter of the 47th District Court, from Joe. Witt, the newly appointed court reporter of the 108th District Court, and from Ross M. Lambdin, who acted as court reporter of the 108th District Court temporarily after the death of Baker. The testimony showed that none of said witnesses could read the shorthand notes of Baker well enough to prepare a question and answer transcript of the evidence, and in the opinion of each, due to the use by Baker of characters and symbols peculiarly within his own knowledge and of his own invention, his notes could not be read by anyone else well enough to prepare such a transcript. The court overruled appellant's motion for a new trial, to which ruling appellant duly excepted and gave notice of appeal.

After the trial court overruled such motion, at the suggestion of the trial court, the appellant, under protest, prepared and submitted to the court a statement of facts. Such statement of facts was not approved by the attorneys of appellees, who prepared and submitted their own statement of facts, which, in turn, was not agreed to by the attorneys of appellant. The judge of the trial court then prepared his own statement of facts, which was filed under his certificate that the same was, to the best of his knowledge and belief, a full and fair statement of all the facts introduced in evidence. The record before us amply shows that the appellant has not, in any respect, waived its rights to a statement of facts in question and answer form, and further, that its failure to obtain such a statement was through no fault of its own, nor by its failure to exercise due diligence. By proper assignment the appellant, among other things, brings forward for our review the failure of the trial court to grant it a new trial in the state of the record as outlined above showing it impossible to obtain a question and answer form of the statement of facts.

Prior to 1931, under articles 2237, 2238, 2239 and 2240, R.C.S., it was possible that four different kinds of statements might be filed in an appeal from a court employing an official court reporter. The reporter might furnish two of these statements, one in question and answer form and the other in narrative form, depending upon the desires of the appealing parties. A third form might be prepared by the parties by agreement and approved by the trial judge. The fourth might be prepared by the judge upon the failure of the parties to agree or upon the failure of the judge to approve the statement prepared by the parties. The last named statement of facts was authorized under article 2240, supra. It is evident that the trial court prepared his statement in this case under the provisions of such article.

In 1931, the Forty-Second Legislature of Texas, in Regular Session, by Senate Bill No. 59, c. 63, amended article 2239, which, in its amended form, did not materially change the status of the statement of facts theretofore existing. Some few days later this same Legislature passed House Bill No. 120, c. 135, which very materially altered the procedure in regard to a statement of facts. Evidently in order to clarify this apparent conflict in the two bills, this same Legislature, in its First Called Session, passed Senate Bill No. 46, c. 34, the emergency clause of which was predicated upon the conflicts in the two previously passed measures. Senate Bill No. 46, which was substantially identical with the formerly enacted House Bill No. 120, amended articles 2237, 2238 and 2239. These articles, as amended by Senate Bill No. 46 of the Forty-Second Legislature, First Called Session, have been unchanged since 1931. They have been brought forward by Vernon's Annotated Civil Statutes, articles 2237–2239. From such Senate Bill No. 46, we quote below such portions as are pertinent to this appeal, as follows:

"Sec. 2. That Article 2238 of the Revised Civil Statutes of Texas of 1925, be so amended that it will hereafter read as follows:

" 'Article 2238. When any party to any suit reported by any such reporter shall desire a transcript of the reporter's notes of the evidence in said suit, said party may apply for the same and such stenographer shall thereupon file an original and duplicate copy thereof in question and answer form among the papers in said cause. * * *.'

"Sec. 3. That Article 2239 of the Revised Civil Statutes of Texas of 1925 be so amended as that it will hereafter read as follows:

" 'Article 2239. In case an appeal is taken from the judgment rendered in said cause, such original stenographer's transcript in question and answer form shall be sent up as the report of the testimony therein, the costs of such transcript paid by either party, to be taxed against the party losing such appeal; and (except as herein otherwise provided) no other record of said testimony shall be sent up on appeal. * * *

" 'Provided, further, that the parties may, if they desire, prepare and have filed a statement of facts on appeal which shall be concisely written in narrative form, shall contain only the evidence of facts relating to questions of which review is sought, and shall omit repetitions by same witness, and all irrelevant parts of writing or written documents introduced in evidence; provided further, however, that such narrative statement may contain questions and answers and objections thereto when necessary or proper to elucidate or present any particular question for review, such questions, answers and objections to be taken and transcribed from the court reporter's notes or agreed upon by the parties, the objections to constitute a bill of exceptions as hereinafter provided. * * * Failure to comply substantially with the provisions of this act in the preparation of such statement of facts shall be sufficient ground in the Appellate Court for striking out and not considering such statement of facts. * * *.'

"Sec. 8. The provisions of this Act are and shall be cumulative of the present laws and rules of procedure, except where they are in conflict with such present laws and rules, and where any such conflict exists all present laws and parts of laws so in conflict herewith are hereby now expressly repealed."

From the above quotations, we think it is apparent that the Legislature has eliminated two of the methods that formerly existed for the preparation of a statement of facts on an appeal. The first method mentioned in the new law is the question and answer form of statement prepared by the court reporter from his notes. The second method is that the parties may prepare their own agreed statement in the manner set out above. Immediately following the provision for the first method set out in the amended article, we find the following language: "(except as herein otherwise provided) no other record of said testimony shall be sent up on appeal." The only statement of facts "otherwise" provided for in the bill is that the parties may, if they desire, prepare a statement of their own. Nowhere in Senate Bill 46 is any mention made of any authority given the trial court to prepare a statement of facts. On the contrary, section 8 of the bill expressly repeals all laws or parts of laws that conflict with the provisions of the act. If the act provides two distinct methods, and only two, for obtaining a statement of facts, and further provides that no other method may be employed, it would follow that any method not therein included would conflict with the provisions of the bill. It is therefore our opinion that article 2240 was expressly repealed by the 1931 amendment to article 2239. Such article having been repealed there remains no authority for the trial court to prepare a statement of facts.

In a similar situation to the one herein involved, in the case of Victory et al. v. Hamilton et al., 127 Tex. 203, 91 S.W.2d 697, in an opinion by Judge Hickman of the Commission of Appeals, the court said (page 699):

"The question of whether the Court of Civil Appeals was authorized to reverse and remand the cause for the reasons stated in this memorandum must be determined in the light of the statutes as they now exist and existed at the time the order of reversal was made. The relevant statutes are: Articles 2237, 2238, and 2239, as amended by the 42d Legislature 1931, 1st Called Session, p. 75, c. 34, §§ 1-3 (Vernon's Ann.Civ.St. arts. 2237-2239). In substance these articles, as amended, provide for a statement of facts in question and answer form; for objections to the admission or exclusion of evidence or to any of the court's rulings to be incorporated therein in lieu of formal bills of exceptions, with a provision that the parties may, if they de-

sire, file a statement of facts in narrative form showing only evidence and facts relating to questions of which review is sought. These statutes, as amended, effect a material change in our practice with reference to the preparation and filing of statements of facts. It would be unreasonable under these statutes to require a litigant to be prepared at his peril to reproduce the facts in question and answer form. In order to be able to do so, he would be required to employ his own private stenographer to take the testimony at the trial. The appealing party is entitled to a statement of facts in question and answer form, and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. We cannot say that the Court of Civil Appeals was without authority to enter the order reversing and remanding this cause or that it abused its discretion by so doing. Its judgment is therefore affirmed."

The only distinction in the case quoted from and the instant case is that in the former the only statement of facts in the record was one prepared by the prevailing parties in the trial court, while in the case at bar the court prepared a statement of facts about which the prevailing parties make no complaint. Also in the former case the trial court certified his inability to prepare a statement without the assistance of the reporter's notes that would do justice to all the parties, while in the instant case the court certifies that his statement is, to his best knowledge and belief, a full and fair statement of all the facts in the case.

Granting that the statement filed may be substantially correct, it is not the sort of statement provided by law. Such a statement, and all other statements except the two enumerated in the amendment, are expressly prohibited by the terms of the amendment. Such law stipulates that the failure to pursue the two methods provided in the preparation of such statement of facts shall be sufficient ground in the appellate court for striking out and not considering such statement. Although the appellees have made no motion herein to strike the statement of facts, such action is made available to them by the language of the amendment. If the statement of facts

filed by the trial court is subject to be stricken upon motion of the appellees herein, we think it hardly fair to require the appellant to accept such statement as a true statement when the statute provides a method for a more accurate statement. It is regrettable that the Legislature did not include in the amendment some provision to cover such a situation as has arisen in this case. However, the appellant should not be penalized either for the apparent hiatus in the law or for the death of the court reporter.

The present law makes it clear that the Legislature intended to bestow upon every litigant in the district court the right to a question and answer form of the testimony as reproduced verbatim from the spoken words of both counsel and witness. Such a reproduction would present to the appellate court a true "negative" of the facts introduced, unblemished by human interpolation. The narrative form prepared by the court would amount to no more than a translation by such intermediary, and such translation would be inherently permeated by the personal interpretation and viewpoint of the translator. Regardless of his honesty and integrity, the trial judge is subject to all the weaknesses of human nature and the frailties of the human mind in reproducing from memory the testimony introduced in a trial. It could have been that it was to eliminate the hazards attendant upon such interpretation that the Legislature thought it best to provide for a more accurate reproduction of what transpires before the bench and jury. In this respect a very valuable right was conferred upon the appellant in this case. Through no fault of the appellant such right has been taken away. In the language of the court in the Victory v. Hamilton Case, supra, the appellant can have such right preserved "in no other way than by a retrial of the case". We therefore sustain this assignment.

Since the other assignments involve evidentiary matters, it would be inconsistent for us to consider them in connection with a statement of facts which we have held insufficient under the law and facts of this case. Also, in view of our disposition of this case, the motion of the appellant for certiorari to perfect the record becomes immaterial.

The judgment of the trial court is reversed and the cause remanded.