## GIBBS et al. v. CRITTENDEN.

### No. 3131.

Court of Civil Appeals of Texas.

Waco.

Nov. 25, 1953.

---

James M. Crane, Conroe, Arthur O'Connor, Belton, for appellants.

Campbell & Foreman, Livingston, Pitts & Liles, and W. C. McClain, Conroe, for appellee.

HALE, Justice.

Appellee sued appellants for damages on account of personal injuries alleged to have been negligently inflicted upon him in an automobile collision which occurred on March 21, 1948. Appellants answered the suit with a general denial, and by way of cross-action appellant Gibbs sought recovery against appellee for damages to his truck, alleging that such damages were proximately caused by various acts of negligence on the part of appellee. The case was tried before the court below without a jury and resulted in judgment of $18,000 for appellee against appellants. In due time appellants filed an extensive motion for new trial which was based primarily upon their contention that the judgment was without any support in the evidence and was contrary to the overwhelming weight and preponderance of the testimony adduced upon the trial. The motion for new trial was overruled, appellants excepted, gave notice of appeal to the Court of Civil Appeals at Beaumont, filed appeal bond and duly perfected their appeal by filing a proper transcript in the appellate court on September 8, 1951.

The record discloses that on October 6, 1951, appellants filed in the Court of Civil Appeals at Beaumont their motion for an extension of time within which to file a statement of facts and bills of exception in the cause, such motion being based upon the sworn statement of T. D. Stanford, official court reporter in the court below, that by reason of illness he had not been able to complete the statement of facts applied for by appellants. This motion was granted and the time was extended for filing a statement of facts to and including October 23, 1951. The record further discloses that since that time appellants have filed fifteen separate motions for additional extensions of time for the filing of the statement of facts in this cause, each motion having been granted on the ground that the court reporter was physically and mentally ill to such extent that he could not complete the preparation of the statement of facts applied for. We do not find that appellee has contested any of the foregoing motions.

On October 6, 1952, appellants duly filed their motion in the Court of Civil Appeals

at Beaumont moving the court to reverse the judgment of the trial court and remand the cause for another trial because appellants, through no fault of their own and after the exercise of due diligence, had been unable to procure a statement of facts. By order of the Supreme Court dated June 4, 1953, the cause was transferred to this court for further proceedings and after the same had been set for submission and oral argument, counsel for appellants presented their contention in this court, again, to the effect that the judgment appealed from should be reversed and the cause remanded for another trial on substantially the same grounds set forth in their prior motion before the Beaumont Court of Civil Appeals.

Having duly considered the record before us, we have concluded that it is the duty of this court to order a retrial of the case because it appears without any dispute that, after the exercise of due diligence, appellants have been unable to procure a proper statement of facts through no fault of their own. When the cause was submitted, it was conceded in the oral arguments by the attorneys of record for each party that there was no reasonable probability that the former court reporter who reported the evidence adduced on the trial would ever be physically or mentally able to transcribe his notes or read the same to any other court reporter. Under the existing circumstances no useful purpose would be served by further extending the time within which a statement of facts might be filed. As said by the Commission of Appeals in Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697, 700: "The appealing party is entitled to a statement of facts in question and answer form, and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case." See also: Pacific Greyhound Lines v. Burgess, Tex.Civ.App., 118 S.W.2d 1100 (er. ref.); Lott v. Scott, Tex.Civ.App., 134 S.W.2d 795; Caffee v. McBee, Tex.Civ.App., 142 S.W.2d 581 (er. ref.).

Accordingly, the judgment appealed from is reversed and the cause is remanded to the court below for another trial, with one-half of the costs of this appeal to be taxed against appellants and one-half against appellee.