Antonia GARCIA, Appellant,

v.

Cipriano GARCIA, Appellee.

No. 485.

Court of Civil Appeals of Texas.

Corpus Christi.

June 19, 1969.

Rehearing Denied Aug. 7, 1969.

Harris, Martin & Carmona, Paul B. Haring, Galveston, for appellant.

J. M. Fly, Victoria, for appellee.

## OPINION ON MOTION FOR REHEARING

GREEN, Chief Justice.

We withdraw our opinion heretofore rendered in this cause, and file in lieu thereof the following.

This suit was filed by appellee Cipriano Garcia (husband) against appellant Antonia Garcia (wife) seeking a divorce. In his petition Cipriano alleged that no children were born of the marriage. Antonia filed a cross-action in which she sought a divorce, and alleged that a child of whom Cipriano was the father was born to her five days *before* their marriage, and that Cipriano had recognized the child as his at the time of the marriage. A trial was had before the Hon. Joe E. Kelly, Judge of the 24th Judicial District, and a jury on the sole issue of whether or not Cipriano was the natural father of the child.[1] The jury, in answer to this issue, refused to find that Cipriano was the natural father of the child. After the passage of some time, the issue of divorce was tried before the Hon. Frank H. Crain, Judge of the 135th Judicial District, without a jury. Judge Crain entered a judgment denying a divorce to either party, but in view of the jury ver-

dict in the previous hearing decreed "that Cipriano Garcia is not the natural father of Homer Garcia, being the same child referred to in the defendant's and cross-plaintiff's pleadings."

This appeal is solely from that portion of the judgment quoted above concerning the paternity of the child. No statement of facts of the evidence introduced at either stage of the trial of the case has been filed with this Court. Appellant did submit what purports to be a statement of facts of the evidence introduced at the non-jury portion of the trial before Judge Crain, which has not been approved by either of the attorneys or by the trial court. This instrument, together with a motion asking leave to file same, was first submitted to this Court on June 4, 1969, two weeks after oral argument had been had, and over nine months after the rendition of the judgment in the trial court (the transcript does not contain a motion for new trial) and over six months after the transcript had been filed. We refused leave to file, under authority of Rules 377(d) and 386, Texas Rules of Civil Procedure, and Meridian Resources, Inc. v. Colley Gin Company, Tex.Civ.App. (Corpus Christi), 430 S.W.2d 372. Thus the case is before us without a statement of facts of any of the proceedings.

Appellant contends that she has exercised all due diligence required of her to secure and timely file a complete statement of facts of the proceedings before Judge Kelly in the trial court, but has been unable through no fault of her own to procure same, and that accordingly the judgment should be reversed and remanded for a new trial. Rule 377(d), T.R.C.P. She relies as authority for her contention upon this Court's recent decision in State v. Ripke, Tex.Civ.App., 426 S.W.2d 599, wr. ref. n. r. e. (1968).

In *Ripke*, we set out in detail the efforts made by counsel for appellant to secure a

---

1. The special issue and answer of the jury read: "Do you find from a preponderance of the evidence that Cipriano Garcia is the natural father of Homer Garcia? Answer, 'Yes' or 'No'. We, the jury, answer: 'No'."

proper statement of facts, and in reversing and remanding the judgment we held that the facts established on a hearing before the trial court and found to be true by that court in its findings of fact showed that counsel had exercised *due diligence* in his efforts to secure a statement of facts "made to conform to the truth" by the trial court.

In the present case, appellant states by affidavit filed in this court that she requested a statement of facts of the jury trial, and the court reporter had said he could not furnish one since his notes had been destroyed. A letter to this effect signed by the reporter accompanies said affidavit. However, there is no showing that appellant's attorney thereupon attempted to prepare any statement to be agreed upon, if possible, by him and counsel for appellee. The record does not show that he asked the trial judge who had presided over the jury phase of the case to prepare a statement of facts, as provided in Rule 377(d) supra. There is nothing in the record before us to indicate that appellant's attorney complied with any of the provisions of Rule 377(d), i. e., that he made an effort to have any differences between counsel for appellant and appellee settled by the trial court or judge thereof, or that he attempted to have the court who heard the first phase of the case prepare a statement of facts to conform to the truth.

■ In the absence of the exercise of *due diligence* to comply with such requirements, appellant has not shown any legal reason to have this judgment reversed because of inability to secure a statement of facts of the proceedings in the portion of the cause tried before Judge Kelly and a jury. Brady v. Brady, Tex.Civ.App., 255 S.W.2d 585, n. w. h.; Harris v. Lebow, Tex.Civ.App., 363 S.W.2d 184, wr. ref. n. r. e. Appellant's first point is overruled.

■ It now becomes necessary that we determine whether the court was author-ized in this divorce suit, after denying both parties a divorce, to include in the judgment the sentence here complained of. This was not a suit seeking a declaratory judgment that Cipriano was not the father of the child. In a suit of such nature, the child, who would be the person most affected by the decision, should be a party to be represented in court by a guardian ad litem or other legal representative. The appellant's pleadings and the statements in the briefs of both parties establish that the child was born to appellant about a week or less before the parties were married. Under the provisions of Section 42 of the Texas Probate Code, V.A.T.S., where a man, having a child by a woman, shall afterwards intermarry with such woman, such child shall thereby be legitimated and made capable of inheriting his estate. This provision has been construed as legitimating such a child for all purposes by the subsequent marriage of the mother and natural father. Home of Holy Infancy v. Kaska, Tex.Sup.Ct., 397 S.W.2d 208. The purported effect of the paragraph of the judgment here in question is that notwithstanding the denial of the divorce to the parties, the child who was not a party to the suit, nor represented by proper guardian, is in effect held to be a bastard, not legitimatized by the subsequent marriage, and barred from any subsequent litigation to determine any rights as to support, inheritance, etc., from Cipriano. Nevertheless, Cipriano and Antonia remain married to each other. We believe and hold that this issue became moot and was removed from the case and that the court was without jurisdiction after denying the divorce to pass upon the issue of parentage of the child.

■ We recognize the rule that even though a divorce is denied, the trial court has jurisdiction to pass upon the issue of custody of minor children in cases *where to do so will serve the best interests and the welfare of such children.* 1 Defee v.

Defee, Tex.Civ.App., 51 S.W. 274, n. w. h.; Lolley v. Lolley, Tex.Civ.App., 181 S.W.2d 941, wr. dis.; McClendon v. McClendon, Tex.Civ.App., 289 S.W.2d 640, n. w. h.; Danache v. Danache, Tex.Civ.App., 296 S.W.2d 821, n. w. h.; Boggs v. Boggs, Tex. Civ.App., 306 S.W.2d 237, n. w. h. These cases are cited with approval on the proposition of custody in Ex Parte Brown, Tex. Sup.Ct., 382 S.W.2d 97, 99, wherein the Court ties such jurisdiction to Article V, Section 8, Texas Constitution, Vernon's Ann.St., which confers upon the District Court original jurisdiction and general control over minors under such regulations as may be prescribed by law. The court in the present case after denial of the divorce did not need to rule upon any custody matters. It certainly can not be said that the sentence here complained of was made to further the best interests and welfare of the child. The cited cases are not authority upholding the adjudication that Cipriano was not the child's natural father, and we believe that after denying the divorce to either party, thus leaving them in their status of husband and wife, the court lost jurisdiction to rule upon any issue concerning the child that was not tied to the child's best interest and welfare, in the absence of proper representation of the child. The issue *is* subject to litigation in any subsequent suit where the question of parentage of the child is material.

It is our opinion that the paragraph of the trial court's judgment decreeing that appellee Cipriano Garcia is not the father of Homer Garcia should be deleted therefrom. In all other respects, the judgment remains as rendered in the trial court. It is so ordered. The effect of this order is that the matter of paternity of the child is not determined in this divorce decree. All costs are adjudged against appellee.

Reformed and affirmed.