The STATE of Texas et al., Appellants,

v.

James M. HILL et al., Appellees.

No. 11737.

Court of Civil Appeals of Texas, Austin.

Feb. 11, 1970.

Rehearing Denied March 4, 1970.

Clinton W. Breeding, City Atty., Jack Shriver, Asst. City Atty., San Angelo, for appellants.

Hardeman, Smith, Kever & Courtright, Kenneth P. Courtright, Earl W. Smith, Walter Goldberg, San Angelo, for appellees.

HUGHES, Justice.

This appeal is from a judgment entered in a condemnation suit brought by appellants, the State of Texas and the City of San Angelo, against James M. Hill and Wm. L. Wynne, appellees.

Condemnation of 1.51 acres was sought for the purpose of constructing a highway locally known as the North-South Throughway. This 1.51 acres was part of a larger tract owned by appellees, the total acreage being 13.11 acres, more or less.

The case was tried to a jury which found that the market value of the land taken was $7,200.00 and that the difference between the values of the remainder of appellees' land before and after the taking of the 1.51 acres was a depreciation of $31,700.00. Appropriate judgment was accordingly rendered.

Appellants have briefed twelve points of error the first five of which assert error in admitting testimony of George Alexander, a value witness for appellees, "because the witness based such testimony on improper elements of damage," "because such testimony was speculative, was an improper element of damages, and allowed a duplication of damages," "because such testimony was hearsay on the part of the witness, has no bearing on market value, was an improper element of damage and allowed excessive damage."

The last seven points which appellants brief are that there is no evidence and insufficient evidence to sustain the findings of the jury above stated, and that the verdict of the jury is excessive "because all evidence of probative force fixes the value of the part taken and the diminution in market value of the part not taken at a sum of not more than $2,000.00."

We do not set out the evidence referred to by appellants under these points for the reason that we are of the opinion that neither a complete statement of facts nor an agreed statement of facts has been brought up and without either of which we are not authorized to determine the points made by appellants.

There is in the record an instrument entitled "statement of facts" on which there appears this certificate and no other:

"CERTIFICATE

The foregoing is approved and ordered filed as the Statement of Facts as prepared by Appellant; Appellees Hill and Wynne did not agree to filing of same on the grounds that same was an incomplete Statement of Facts.

/s/ Edd B. Keyes

JUDGE PRESIDING "

The record does not show that appellants made any effort to comply with the provisions of Rules 377, 377a, Texas Rules of Civil Procedure, under which an abbreviated statement of facts may possibly be obtained.[1] Neither does the record show that any agreement has been made between the parties regarding a statement of facts or a statement of the case under Rules 375 and 378, T.R.C.P. Nor does the record show that appellants requested the trial judge to make and prepare a statement of facts. The record does show that this case was tried without the assistance of a court reporter.

---

1. See Harris v. Lebow, 363 S.W.2d 184, Tex.Civ.App., Dallas, writ, ref. n. r. e. (1962).

The record also shows that the statement of facts prepared by appellants is not a complete statement of facts.

■ The principle and law to be applied here is stated in Englander Co., Inc. v. Kennedy, 428 S.W.2d 806, Tex.Sup. (1968) as follows:

"In perfecting the record for appeal, the defendants requested and filed only a partial statement of facts consisting of documentary evidence admitted at the trial. Some of the documents admitted at the trial were not designated by the defendants to be included in the statement of facts, but these were included at the request of the plaintiff. No party requested that other evidence taken at the trial be transcribed into the statement of facts. The plaintiff did not stipulate that the partial statement of facts constituted an agreed statement. Tex.Rules Civ.Proc. 375, 377, and 378. The court of civil appeals held that '[i]n the absence of a complete statement of facts there is no way for us to examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. With only a partial statement of facts before us we must presume that there was evidence to support the court's findings.' We approve the holding of the court of civil appeals although Tex.Rules Civ.Proc. 377(c) has been interpreted as requiring a different result. See Advisory Opinions of the Subcommittee on Interpretation of the Texas Rules of Civil Procedure, 5 Tex.B. J. 236 (1942), 5 Tex.B.J. 428 (1942), 8 Tex.B.J. 17 (1945), 8 Tex.B.J. 27 (1945); and Stayton. Analysis of Texas Changes, 4 Tex.B.J. 667 (1941).

■■ The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

See Alvarado v. Hughes, 448 S.W.2d 166, Tex.Civ.App., Fort Worth, writ ref. n. r. e. (1969).

Similarly, in Villaneuva v. Harville, 419 S.W.2d 711, Tex.Civ.App., San Antonio, no writ (1967) from which we quote:

"Appellant, under her first point, urges that the overwhelming preponderance of the evidence establishes that she was denied the essential elements of due process, to-wit, notice and the opportunity to be heard and defend her property rights in the office in an orderly proceeding. We are unable to review the entire record as required in passing upon this point because of appellant's failure to comply with Rule 377, Texas Rules of Civil Procedure. The statement of facts filed herein does not contain any of the exhibits introduced in evidence although they are of obvious materiality. Among these exhibits is the order under attack, as well as other minutes and records of the Commissioners Court dealing with the need for two Justices in Precinct 1. Since appellees did not consent to a partial statement of facts, we are required to treat this as an appeal without a statement of facts. Gordon v. Aetna Casualty & Surety Co., 351 S.W.2d 602 (Tex.Civ. App.—Eastland, 1961, writ ref'd)."

See also Klimist v. Bearden, 374 S.W.2d 783, Tex.Civ.App., Tyler, no writ (1964) where it is held that alleged error in excluding evidence could not be reviewed without a complete statement of facts unless it appears that under no possible state of the case could the ruling be upheld and that it appears with reasonable certainty that the error produced a substantial injury to the complaining party.

Rule 434, T.R.C.P., admonishes us not to reverse a case unless the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. In order to discharge our duty under this Rule we are required to review the entire record in the case. Gomez Leon v. State of Texas, 426 S.W.2d 562, Tex.Sup. (1968). This rule applies to the erroneous admission of testimony. State v. Clevenger, 384 S.W.2d 207, Tex.Civ.App., Houston, writ ref. n. r. e. (1964). It is impossible for us to review the entire record in this case because it is not before us.

Believing that we are without authority to pass on the points briefed by appellants, we affirm the judgment of the trial court.