Mary L. WALLER, Appellant,

v.

Roy O. O'REAR and Corrigan Properties, Inc., Individually and dba Stevens Park Apartments, Appellees.

No. 5076.

Court of Civil Appeals of Texas, Waco.

Sept. 30, 1971.

Rehearing Denied Nov. 4, 1971.

Bailey & Napier, Jack Napier, Dallas, for appellant.

Lancaster Smith, Dallas, for appellees.

## OPINION

JAMES, Justice.

Appellant Mary L. Waller brought this suit in the trial court against Appellees for personal injuries, where trial was had to a jury; and after Plaintiff (appellant) rested, the trial court withdrew the cause from the jury and entered judgment for Defendants (appellees).

On August 13, 1971, Appellant filed a motion in this court for extension of time for filing the Statement of Facts, accompanied by an affidavit of the court reporter, alleging in effect that the Statement of Facts was unavailable through no negligence or want of diligence on the part of Appellant; but because of the heavy caseload of the trial court, coupled with the fact that the court reporter had been on vacation for two weeks, and because the Statement of Facts had been misplaced, the extension of time was sought. This motion was shown to have been agreed to by Appellees.

Then on September 9, 1971, Appellant filed in this court a motion to reverse and remand this cause for a new trial, alleging that the court reporter's notes were lost, and a Statement of Facts was impossible. This motion was supported by affidavit of the court reporter to the effect that he had made diligent search, but could not find his notes, and did not believe he could ever find them, and that there was no other source from which a statement of facts could be prepared by him. This motion to reverse and remand was not shown to be agreed to by Appellees; however, the record does not show any reply to have been made to it by Appellees.

■ The appealing party is entitled to a statement of facts in question and answer form, and if, through no fault of his own, after the exercise of due diligence, he is un-

able to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. Victory v. Hamilton (Tex.Com.App.1936) 127 Tex. 203, 91 S.W.2d 697 at page 700, opinion adopted by the Supreme Court; Gibbs v. Crittenden (Waco, Tex.Civ.App.1953), 262 S.W.2d 804, no writ history.

Accordingly, the judgment appealed from is reversed and remanded to the trial court for another trial, and in accordance with our previous opinion in *Gibbs* supra, one-half of the costs of this appeal are taxed against Appellants and one-half against Appellees.

Reversed and remanded.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

Appellees contend in their Motion for Rehearing that Appellant did not exercise due diligence to secure a statement of facts because she did not try to get an agreement with opposing counsel for a Statement of Facts, or failing in this, to get the trial judge to make up a statement of facts, citing Rule 377, Texas Rules of Civil Procedure.

We do not agree with this contention for the following reasons: In this case trial was to a jury, and after Plaintiff-Appellant rested, the trial court withdrew the cause from the jury and entered judgment for the Defendant-Appellees.

■ Therefore in reviewing this cause, if there is *any* evidence of probative value in favor of Plaintiff-Appellant's side of the cause, this trial court judgment is improper and we would be under a duty to reverse and remand the cause for new trial. Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361. The test is whether the evidence at the trial was of sufficient probative force to raise an issue of fact; and the testimony must be considered in its most favorable light to the one against whom the

directed verdict is sought. Conflicts are to be disregarded and every reasonable intendment deducible from the evidence is to be indulged in favor of the losing party. Neal v. United States Fire Insurance Company (Corpus Christi, Tex.Civ.App.1968), 427 S.W.2d 676, no writ history; Thomas v. T. C. Bateson Co., et al., (Dallas Tex.Civ.App.1969), 437 S.W.2d 386, writ refused, no reversible error.

The duty upon this court thus presented calls for a thorough examination of the entire record, and without a complete question and answer statement of facts we do not feel that we are able to properly discharge this duty.

Our Supreme Court, in a per curiam opinion in Englander Co. v. Kennedy (1968), 428 S.W.2d 806, has pointed up the need for a complete statement of facts in this language:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. *When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts.*" (italics ours)

In *Englander*, the appellant contended that a vital fact finding of the trial court was not supported by the evidence; however, only a partial statement of facts was before the appellate court.

Attached to Appellee's Motion for Rehearing is an affidavit of the trial judge to the effect that if requested he could and would have prepared a statement of facts. We have no doubt as to the honesty and integrity of the trial court; however, since his mind has already been made up in favor of the Defendant-Appellees, it places an unfair burden upon Appellant to have to rely on the trial court for his statement of facts. Likewise, in our opinion, to require the Appellant to have to depend upon the successful parties for an agreement as to a statement of facts is not calculated to be productive of a statement of facts sufficient for our purposes of review.

We need a question and answer statement of facts as reproduced verbatim from the spoken words of both counsel and witnesses, which will furnish a true "negative" of the facts introduced, unblemished by human interpolation. Regardless of his honesty and integrity, the trial judge is subject to all the weaknesses of human nature and the frailties of the human mind in reproducing from memory the testimony introduced in a trial. See Pacific Greyhound Lines v. Burgess (Amarillo, Tex.Civ.App. 1938), 118 S.W.2d 1100, error refused.

In support of their contention, appellees cite Crawford v. Crawford (San Antonio, Tex.Civ.App.1944), 181 S.W.2d 992, error dismissed; Johnson v. Brown (Beaumont, Tex.Civ.App.1948), 218 S.W.2d 317, error refused NRE; Harris v. Lebow (Dallas, Tex.Civ.App.1962), 363 S.W.2d 184, error refused NRE; Koonce v. City of Mesquite (Tyler, Tex.Civ.App.1964), 382 S.W.2d 309, error dismissed; Garcia v. Garcia (Corpus Christi, Tex.Civ.App.1969), 444 S.W.2d 207, no writ history; and State v. Hill (Austin, Tex.Civ.App.1970), 452 S.W.2d 58, no writ history; however, none of these cases involved an appeal from an instructed verdict-type judgment and are therefore not applicable to our case at hand. Insofar as these holdings apply to a situation where the Court of Civil Appeals is confronted by a problem of legal or factual sufficiency of the evidence, we disagree with them.

■ A close examination of Rule 377 T.R.C.P. reveals to us that this rule presupposes the availability of the official court reporter's shorthand notes, and that the procedures required by and provided for therein should be interpreted in this light. (See Article 2324, Vernon's Ann.Tex.Civ. St., for duties of the official court reporter). Let us analyze portions of this

rule to illustrate this point, beginning with subsection (a) :

"Testimony. The testimony of the witnesses need not be in narrative form but may be in question and answer form. A party may prepare and file with the clerk a condensed statement in narrative form of all or part of the testimony and deliver a true copy thereof to the opposing party or his counsel, and *such opposing party, if dissatisfied with the narrative statement, may require the testimony in question and answer form to be substituted for all or part thereof.*" How else could this testimony be put in question and answer form without the official court reporter's notes being available?

Now let us look at subsection (c) :

"Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or whenever, with or without such a request, a statement of facts is filed or offered for filing by appellant, *the appellant shall deliver or mail to the appellee or his counsel and file with the clerk of the court a designation in writing of the portions of the evidence desired, and shall specify the portions* desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. Within ten days thereafter *any other party* to the appeal *may file a designation in writing of any additional portions of the evidence to be included, specifying the portions desired in narrative form, if any, and the portions desired in question and answer form, if any.*"

Here again, Rule 377 presupposes that the court reporter's notes are available; otherwise how could any portion be prepared in question and answer form? Under subsection (c), the appellant and the appellee each

have the option of designating which portions he may desire to be in question and answer form. If the court reporter's notes are not available, this valuable right to the parties under these portions of this Rule are nullified.

Now let us look at subsection (d) :

"Approval of the Trial Court Unnecessary.

It shall be unnecessary for the statement of facts to be approved by the trial court or judge thereof when agreed to by the parties. If any difference. arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, *the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth.*"

As we view it, the trial court in any of such events does not have the authority to "make" a statement of facts; instead his authority is limited to resolving differences in the record and to *make the record conform to the truth.*

Assuming without deciding that Rule 377 is applicable in some situations wherein the court reporter's notes are not available, in the instant case where the court reporter can never produce his notes for a statement of facts, and the judgment was rendered by the court after withdrawing the case from the jury, we think that the only way appellant's right to have the cause properly reviewed on appeal can be preserved is by a retrial of the case. Pacific Greyhound Lines v. Burgess, supra; Victory v. Hamilton, supra; and Gibbs v. Crittenden, supra.

For the foregoing reasons, Appellee's Motion for Rehearing is overruled.