**Troy GOODIN, d/b/a Troy Goodin Used Cars, Appellant,**

v.

**Carl B. GELLER, Appellee.**

**No. 5413.**

Court of Civil Appeals of Texas, Waco.

March 6, 1975.

Rehearing Denied April 10, 1975.

---

Charles E. Hughes, Sherman, for appellant.

Kennedy & Minshew, Sherman, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Goodin from judgment for damages, punitive damages, and attorney's fees in a suit filed under the Texas Deceptive Trade Practices-Consumer Protection Act, Texas Business & Commerce Code, Section 17.46, V.T.C.A.

After trial to a jury the trial court entered judgment on the verdict for $4,275.75 for plaintiff against defendant.

Defendant appeals on 13 points contending among other things that a major portion of the Statement of Facts has been irrevocably lost through no fault of the appellant or his attorney and that this court does not have a record or Statement of Facts to properly rule on the sufficiency of the evidence to sustain the findings of the jury.

 Defendant has the burden to bring forward a statement of facts, and ordinarily in the absence of a statement of facts we must presume the evidence adduced supports the judgment. Ehrhardt v. Ehrhardt, CCA, Er.Ref., Tex.Civ.App., 368 S.W.2d 37; and when the complaint on appeal is that the evidence is legally or factually insufficient to support vital findings of fact, this burden cannot be discharged in the absence of a complete or an agreed statement of facts. Englander v. Kennedy, S.Ct., Tex., 428 S.W.2d 806.

In Englander, appellant contended that a vital fact finding of the trial court was not supported by the evidence; however only a partial statement of facts was before the appellate court.

 In the instant case only a partial statement of facts is before this court. It is undisputed and the court reporter has certified that the testimony taken during the proceedings of the following witnesses has been lost: Troy Goodin, Mrs. Florence Geller, Bill Starr, Jim Fry, Jimmy Meeks, Roger Sanders, and Mrs. Troy Goodin. Troy Goodin was the defendant and Mrs. Florence Geller was mother and agent of the plaintiff.

Defendant is entitled to a complete statement of facts in question and answer form, and if through no fault of his own, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than a reversal and retrial of

the case. Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697; Gibbs v. Crittenden, CCA, NWH, Tex.Civ.App., 262 S.W.2d 804; James Edmund, Inc., v. Schilling, CCA, NWH, Tex.Civ.App., 501 S.W.2d 432.

Defendant prepared a proposed stipulated statement of facts for the seven witnesses whose testimony has been lost, but the plaintiff refused to approve same. Plaintiff prepared a proposed stipulated statement of facts for the seven witnesses whose testimony has been lost, but the defendant refused to approve same. The trial judge though not requested by either party, prepared a statement of facts in narrative form for the witnesses whose testimony was lost.

■ ■ We need a question and answer statement of facts as reproduced verbatim from the spoken words of both counsel and the witnesses, unblemished by human interpretation. The narrative form prepared by the court would amount to no more than a translation by an intermediary, and such translation would be inherently permeated by the personal interpretation of the translator. Regardless of his honesty and integrity, the trial judge is subject to all the weaknesses of human nature and the frailties of the human mind in reproducing from memory the testimony introduced in a trial. Pacific Greyhound Lines v. Burgess, CCA, Er.Ref., Tex.Civ.App., 118 S. W.2d 1100; Waller v. O'Rear, CCA, NRE, Tex.Civ.App., 472 S.W.2d 789.

Defendant's contention is sustained, and the cause is reversed and remanded. Costs of appeal are taxed one-half against appellant and one-half against appellee.

Reversed and remanded.