Philip SILVERSTEIN, Appellant,

v.

Jewel NATKIN, Appellee.

No. 5975.

Court of Civil Appeals of Texas,
Waco.

Nov. 16, 1978.

Edward L. Minarich, Jr., San Antonio, for appellant.

Jack A. Efron, Daniels, Efron & Holden, San Antonio, for appellee.

OPINION

McDONALD, Chief Justice.

The trial court rendered an order by default against appellant Silverstein, modifying a prior order and removing him as managing conservator of his and appellee's minor child, and appointed appellee mother of the child managing conservator and required appellant to pay $350. per month child support, plus $600. attorney's fees.

Appellant appeals by writ of error, contending among other matters of his inability to obtain a statement of facts through no fault of his own.

A reporter's certificate is in the record stating that the official court reporter did not attend the hearing and report the trial court's proceedings.

Section 11.14(d) Texas Family Code requires that a record shall be made in parent and child relationship cases as in civil cases generally unless waived by the parties with consent of the court.

Moreover, appellant who was defendant in the trial court, is entitled to a statement of facts in question and answer form, and if through no fault of his own, he is unable to procure such statement of facts, his right to have the case reviewed on appeal can be preserved to him in no other way than a reversal and retrial of the case.

*Rogers v. Rogers,* Tex., 561 S.W.2d 172; *Smith v. Smith,* Tex., 544 S.W.2d 121; *Victory v. Hamilton,* 127 Tex. 203, 91 S.W.2d 697; *Gibbs v. Crittenden,* (Tex.Civ.App., Waco) NWH, 262 S.W.2d 804; *Edmond v. Schilling,* (Tex.Civ.App., Waco) NWH, 501 S.W.2d 432; *Pacific Greyhound Lines v. Burgess,* (Tex.Civ.App., Amarillo) Er.Ref., 118 S.W.2d 1100; *Waller v. O'Rear,* (Tex.Civ.App., Waco) NRE, 472 S.W.2d 789; *Goodin v. Geller,* (Tex.Civ.App., Waco) NRE, 521 S.W.2d 158; *Dugie v. Dugie,* (Tex.Civ.App., San Antonio) 511 S.W.2d 623.

Appellant's contention is sustained.

REVERSED AND REMANDED.