C. W. FISHER, Appellant,

v.

FIRST SECURITY STATE BANK OF CRANFILLS GAP, TEXAS, Appellee.

No. 5956.

Court of Civil Appeals of Texas, Waco.

Jan. 18, 1979.

John L. Bates, Waco, for appellant.

John A. Hastings, Jr., Meridian, for appellee.

OPINION

JAMES, Justice.

This is an application for writ of error under the provisions of Article 2249a, Vernon's Texas Civil Statutes. Neither Appellant nor his attorney was present at the trial, nor did either participate in any way. We reverse and remand.

Plaintiff-Appellee First Security State Bank of Cranfills Gap, Texas, brought this suit against Defendant-Appellant C. W. Fisher upon a note, seeking a judgment for the alleged unpaid principal, interest, and for attorney's fees.

Defendant-Appellant Fisher was served with citation, but filed no answer and made no appearance at the trial. It is undisputed that the court reporter was not present at the trial, and therefore the Appellant is unable to procure a question and answer statement of facts through no fault of his own, and after due diligence.

The trial court after hearing evidence on May 8, 1978, entered judgment in favor of the Bank against Fisher in the amount of $17,903.86 plus interest at the rate of 10% per annum from July 28, 1977, plus $5,371.58 attorney's fees. It is from this judgment that Defendant Fisher prosecutes this application for writ of error.

Defendant-Appellant asserts four points of error, the first complaining of the trial court's entry of judgment based upon no evidence having been taken by a court reporter, to the end that Appellant is unable to procure a statement of facts through no fault of his own and after the exercise of due diligence. By his second point, Appellant contends that the evidence is legally and factually insufficient to support the

judgment. We sustain these contentions, and reverse and remand the cause to the trial court for retrial on the merits.

The appealing party is entitled to a complete statement of facts in question and answer form, and, if through no fault of his own, after the exercise of due diligence he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case. *Victory v. Hamilton* (Comm.App.1936) 127 Tex. 203, 91 S.W.2d 697 at page 700, opinion adopted; *Gibbs v. Crittenden* (Tex.Civ.App., Waco CA 1953) 262 S.W.2d 804, no writ; *Waller v. O'Rear* (Tex.Civ.App., Waco CA 1971) 472 S.W.2d 789, 790, NRE.

In the case at bar, the transcript contains an instrument entitled, "Statement of Evidence," which recites that it contains "all the facts given in evidence and all the evidence adduced," and then sets out in narrative form what purports to be the evidence heard by the trial court. The instrument is signed by the counsel for Plaintiff and is shown to be approved by the trial court. This is insufficient.

We need a question and answer statement of facts as reproduced verbatim from the spoken word of both counsel and the witnesses, unblemished by human interpretation. *Pacific Greyhound Lines v. Burgess* (Tex.Civ.App., Amarillo CA 1938) 118 S.W.2d 1100, writ refused; *Waller v. O'Rear* (Tex.Civ.App., Waco CA 1971) 472 S.W.2d 789, NRE; *Goodin v. Geller* (Tex. Civ.App., Waco CA 1975) 521 S.W.2d 158, 160, NRE.

For the foregoing reasons, we reverse and remand the cause to the trial court for retrial on the merits.

REVERSED AND REMANDED.