**Billy KOTHMAN, Appellant,**

v.

**MILLER SEED COMPANY OF HEREFORD, INC., Appellee.**

**No. 5960.**

Court of Civil Appeals of Texas, Waco.

Dec. 27, 1979.

Rehearing Denied Feb. 14, 1980.

William A. McElreath, Jr., Budman & McElreath, San Antonio, for appellant.

Ernest L. Langley, Witherspoon, Aikin & Langley, Hereford, A. Gerald Geistweidt, Schmidt, Schmidt & Geistweidt, Mason, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant Kothman appealed from adverse judgment rendered by the trial court on January 6, 1978, and caused transcript to be filed in the Court of Civil Appeals at San Antonio on May 15, 1978. This case was thereafter transferred to Waco by our Supreme Court.

Appellant requested a statement of facts from the court reporter but has been unable to obtain same.

On July 16, 1979 after having been granted 7 extensions of time in which to file statement of facts and being unable to secure same during such periods of time, the appellant filed motion in this court to reverse and remand the case because of his inability to obtain a statement of facts. Appellees opposed such motion asserting the court reporter was working on the record, has help and would complete same without delay.

This court held the motion to reverse and remand in abeyance and extended time in which to file statement of facts until September 4, 1979; and thereafter again extended such time until October 4, 1979. A partial statement of facts was received by this court on September 4, 1979 and a further portion of same was received on October 22, 1979.

On November 7, 1979 appellant filed supplemental motion to reverse and remand the case restating his inability to secure a complete statement of facts, and stating the partial statement completed was lacking the testimony of 3 witnesses as well as the argument of counsel to the jury which had been requested. Appellee concedes that the testimony of the 3 witnesses and oral argument of counsel is not included in the statement of facts as tendered.

At least 3 reporters have tried to complete the statement of facts without success; the court reporter who took the testi-

mony is no longer a court reporter and there is no assertion that any current work is being done to complete the statement of facts.

It seems conclusive to us that it is impossible for appellant to obtain a complete statement of facts.

Appellant is entitled to a complete statement of facts, and if through no fault of his own is unable to procure same, his right to have the case reviewed on appeal can be preserved to him in no other way than a reversal and retrial of the case. *Silverstein v. Natkin*, CCA (Tex.Civ.App., Waco) NWH, 575 S.W.2d 320; *Rogers v. Rogers*, Tex., 561 S.W.2d 172; *Smith v. Smith*, Tex., 544 S.W.2d 121; *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697; *Gibbs v. Crittenden*, (Tex.Civ.App., Waco) NWH, 262 S.W.2d 804; *Edmond v. Schilling*, (Tex.Civ.App., Waco) NWH, 501 S.W.2d 432; *Pacific Greyhound Lines v. Burgess*, (Tex.Civ.App., Amarillo) Er. Ref., 118 S.W.2d 1100; *Waller v. O'Rear*, (Tex.Civ.App., Waco) NRE, 472 S.W.2d 789; *Goodin v. Geller*, (Tex.Civ. App., Waco) NRE, 521 S.W.2d 158; *Dugie v. Dugie*, (Tex.Civ.App., San Antonio) NWH, 511 S.W.2d 623.

Appellant's motion to reverse and remand is granted.

REVERSED and REMANDED.