Arthur E. TEMPLETON, Appellant,

v.

N. Jay ROGERS et al., Appellees.

No. 7104.

Court of Civil Appeals of Texas, Beaumont.

Feb. 12, 1970.

Rehearing Denied March 5, 1970.

John Gano and Joseph D. Jamail, Houston, for appellant.

Robert Q. Keith, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action for damages for slander. Trial was by jury, and judgment was rendered for defendant upon the jury ver-

dict. The parties will be referred to here as they were in the trial court.

Plaintiff, Dr. Arthur E. Templeton, brought this action against defendant, Dr. N. Jay Rogers. In plaintiff's supplemental petition it was alleged that defendant had publicly said that plaintiff had "lied in part of his testimony" in a Dallas trial in 1963. The evidence showed the plaintiff had testified as a witness in Case No. 69,448–E styled Ellis Carp et al. vs. Texas State Board of Examiners in Optometry et al., in a District Court of Dallas County, Texas, in 1963. Such testimony was, in effect, that in a meeting in Houston in 1960 or 1961, defendant told a group of optometrists that in his opinion the Basic Competence Rule was unenforceable and therefore invalid. The evidence shows further that on April 12, 1967, while testifying before the Public Health Committee of the Texas Senate defendant made the statement which is the basis of this lawsuit, "Dr. Templeton lied in part of his testimony given in the Dallas trial."

The jury among others, made the following findings: That defendant made such statement. That defendant was actuated by malice in making the statement. That the statement was true. The jury was unable to agree upon their answers to the two damage issues submitted to them, and the trial court accepted the partial verdict and in its judgment found the answers to the damage issues immaterial.

Plaintiff's first series of points complain about the action of the trial court in not granting a mistrial when the jury could not agree upon the unanswered issues. It is argued the verdict was not complete, and that a judgment could not be based upon it. These points of error are overruled.

The judgment of the trial court contains the following:

"Upon the 27th day of May, 1969, this cause was submitted to the jury; upon May 29, 1969, the jury returned into Court its verdict, announcing that it had reached unanimous agreement upon every special issue submitted with the exception of Special Issue No. 8 and Special Issue No. 9, [the damage issues] upon which the jury was hopelessly deadlocked. Thereupon, the Court, in the presence of counsel and the parties hereto, polled the jury and determined that the verdict of the jury was unanimous upon the special issues which had been propounded to and answered by the jury. However, the Court determined that the jury was hopelessly deadlocked and could not agree upon answers to Special Issues No. 8 and 9 [the damage issues]. Thereupon, the answers of the jury to the special issues propounded were read in open Court and again the jurors individually and collectively affirmed their unanimous answers to Special Issues No. 1, 2, 3, 4, 5, 5a, 6, and 7. Over the objection of plaintiff, the Court received and accepted said verdict and ordered same filed and spread upon the Minutes of the Court."

■ The rule is clear that a trial court not only has the right, but the duty to accept a partial verdict which will sustain a judgment. The answers made by the jury must be of such a nature that the winning party would be entitled to judgement regardless of what answers may have been given to the unanswered issues. Stalder v. Bowen, 373 S.W.2d 824 (Dallas Civ.App., 1964, error ref., n.r.e.), and cases cited. As hereinafter discussed, had the jury made any answer of any kind to the two damage issues, the defendant would still have been entitled to the judgment rendered.

■ The charge of the court contained space at the end of each issue for an answer and a space at the end of the charge for the signature of the foreman of the jury. Plaintiff argues the partial verdict could not be accepted by the trial court because the verdict form was not signed by the foreman of the jury. Plaintiff cites no case to support his position,

and we have been able to find none. Even though Texas Rules of Civil Procedure, rule 290 provides that a verdict should be signed by the foreman of the jury, the courts construing this rule had not held such signature to be essential. The rule in Texas is that if the evidence shows that the members of the jury were in complete agreement as to the answers which they had made, and such answers are sufficient to require a judgment in favor of one of the parties, the absence of the foreman's signature would not prevent the trial court from entering a judgment upon the verdict. The judgment entered in this case, as shown above, revealed that Rules 293 and 294 had been complied with and, without question, the members of the jury were in complete agreement as to the answers given.

Plaintiff has a series of points of error in which he contends the answer of the jury to Issue No. 3, that defendant's statement that "Dr. Templeton had lied in part of his testimony in the Dallas case" was true could not serve as a basis for a judgment for defendant. The essence of these points of error is that defendant charged plaintiff with the crime of perjury and therefore the jury should have been asked whether or not plaintiff committed the crime of perjury. Plaintiff argues that perjury includes intent and that there was no evidence in this record as to criminal intent on the part of plaintiff. These points are overruled.

The trial court properly submitted the defense of truth. The statement plaintiff complained of as being slanderous was not "Dr. Templeton committed the crime of perjury in his testimony in the Dallas trial." Thus, the element of criminal intent did not become a part of this cause of action. The pleadings and all of the evidence show that defendant's statement was simply, "Dr. Templeton lied in part of his testimony given in the Dallas trial." If that precise statement is true as the jury found it to be, the defense is complete. In this case the words used by defendant are clear and unambiguous, and could be easily understood by the average person. The trial court submitted the ultimate issue to the jury, i. e., the truth or falsity of the defamatory statement. See Bell Pub. Co. v. Garrett Engineering Co., 141 Tex. 51, 170 S.W.2d 197 (Tex.Sup., 1943).

Judgment affirmed.

KEITH, J., not sitting.