DICKENS COUNTY ELECTRIC COOPERA-
TIVE, Inc., Relator,

v.

Hon. L. D. RATLIFF of Dickens County,
Texas et al., Respondents.

No. 8107.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 12, 1970.

Rehearing Denied Nov. 9, 1970.

Conner & Swenson, Spur, Smith, Boulter & Jesko and Albert Smith, Lubbock, for relator.

Gillespie & McClendon and Jack McClendon, Lubbock, for respondents.

NORTHCUTT, Justice.

The principal question presented here relates to the power of the district court to enter judgment in the case submitted to a jury on special issues where three issues were answered by the jury, and one issue was unanswered. The parties hereto will be designated as they were in the trial court. Jimmie Bennett sued Dickens County Electric Cooperative, Inc. for damages for the loss of his personal property caused by a fire as a result of the defendant's negligence. Ethel Sheridan and husband, Pat Sheridan, sued Dickens County Electric Cooperative, Inc. for the destruction of certain buildings caused by fire as a result of defendant's negligence. The two cases were consolidated for trial and all issues here involved apply to both suits. The Bennetts were renting the house owned by the Sheridans that was wired for electricity. On the afternoon of November 13, 1969, there was an electrical power failure at the house in question. The defendant was notified of the failure and later that same afternoon, the defendant's employees went and corrected the failure, and electric current was renewed that same afternoon. At 4:00 A.M. the next morning when the Bennetts arose, the house was on fire up in the attic, and the house was completely

destroyed, and many of the Bennett's personal items were destroyed. The special issues submitted by the court and the answers thereto covering the rights of the plaintiffs to be entitled to recover damages against the defendant were as follows:

"SPECIAL ISSUE NO. 1

(a) Do you find from a preponderance of the evidence that the Defendant, its agents or employees, prior to the time the service lines in question were energized had notice that a dangerous condition existed at the Bennett home with reference to the service lines in question:

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer Yes

(b) Do you find from a preponderance of the evidence that the Defendant, its agents or employees, prior to the time the service lines in question were energized, in the exercise of ordinary care, should have known that a dangerous condition existed at the Bennett home with reference to such service lines in question?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer Yes

(c) Do you find from a preponderance of the evidence that at the time in question the Defendant, its agents or employees were negligent in energizing the service lines leading into the Bennett home?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer No

If you have answered the above Special Issue 'yes', and only in such event, then answer:

(d) Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the fire?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer ———

SPECIAL ISSUE NO. 2

(a) Do you find from a preponderance of the evidence that Defendant's employees. failed to properly inspect the electric lines leading to the Bennett home for defects, if any, prior to energizing same?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer Yes

If you have answered the above Special Issue 'yes', and only in such event, then answer:

(b) Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the fire?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer No

SPECIAL ISSUE NO. 3

(a) Do you find from a preponderance of the evidence that the electric line or lines leading to the Bennett home were not properly insulated at the time the Defendant energized such lines the evening prior to the fire the following morning?

The Jury will answer 'They were properly insulated' or 'They were not properly insulated'.

We, the Jury, answer They were not properly insulated.

If you have answered the above Special Issue 'They were not properly insulated', and only in such event, then answer:

(b) Do you find from a preponderance of the evidence that Defendant's failure to properly insulate such electric line or lines, if it so failed to do, prior to energizing such line or lines, was negligence?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer No

If you have answered the above Special Issue 'yes', and only in such event, then answer:

(c) Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the fire?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer ———

SPECIAL ISSUE NO. 4

(a) Do you find from a preponderance of the evidence that the Defendant was negligent in failing to relocate the electric line or lines leading into the Bennett dwelling prior to the fire in question?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer ———

If you have answered the above Special Issue 'yes', and only in such event, then answer:

(b) Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the fire?

The Jury will answer 'Yes' or 'No'.

We, the Jury, answer ———"

The verdict was signed by the foreman and received and filed with the district clerk. Plaintiffs did not in any manner object to the issues submitted by the court, and did not request any additional special issues covering the right to recover. Consequently, the plaintiffs based their right to recover upon the four issues above set out. The defendant, however, filed and presented to the court numerous objections as to the special issues (many of which should have been sustained). All of said objections were overruled by the court. The defendant filed its motion for judgment setting out many reasons why it was asking the court to accept the verdict of the jury, and to disregard the failure of the jury to answer Special Issue No. 4 to render judgment for the defendant. The trial court entered the following order

overruling defendant's motion for judgment:

"BE IT REMEMBERED that on March 31st, 1970, there came on to be heard the Defendant's motion to accept the verdict of the jury, disregard the failure of the jury to answer Special Issue No. 4, and to enter a judgment for the Defendant, and the Plaintiff's motion to declare a mistrial. Having heard the motions, the Court is of the opinion that the jury did not answer a sufficient number of issues to justify the entry of a judgment for either party, and that the matter of a mistrial should be taken under advisement in order to give the Defendant a reasonable opportunity to file a Petition for Writ of Mandamus.

IT IS THEREFORE ORDERED that the Defendant's motion to accept the verdict of the jury, disregard the failure of the jury to answer Special Issue No. 4, and to enter a judgment for the Defendant is overruled, and the matter of declaring a mistrial is taken under advisement in order to give the Defendant a reasonable opportunity to file a Petition for a Writ of Mandamus.

To which action in failing to enter a judgment for the Defendant the Defendant excepted, and to which action in failing to declare a mistrial, the Plaintiffs excepted—all in open court."

■ Defendant filed its petition herein for writ of mandamus and such petition was granted, and a mistrial has never been entered by the trial court. The plaintiffs would not be entitled to a judgment unless the answer to special issues submitted were such as to show the defendant liable for their damages. The only issues relied upon herein by the plaintiff were the four issues above set out. Plaintiffs did not object to the charge and neither did they submit or request any other issues. The court shall submit all issues raised by the pleadings and the evidence. Where the court fails to submit a separate

or independent ground of recovery or defense and there is no request for submission of the issue or issues omitted, such issue or issues are waived and no waiver can be imputed to the other party for such failure. Texas Rules Civil Procedure Nos. 274 and 279; Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Campise etc. v. Peden Builders Warehouse Co., 452 S.W.2d 61 (Tex.Civ. App., n. w. h.).

We are familiar with the rule that when a verdict is too uncertain to support a judgment, neither the trial court nor the appellate court may render a judgment thereon. Since the first three issues above set out were answered favorably to the defendant, the only issue involved is Issue No. 4, and the disposition to be made in the case when the jury failed to answer Issue No. 4. What effect the answer to Issue No. 4 would have involves the determination of whether the entry of a judgment involves the exercise of judicial discretion or calls for the performance of a purely ministerial act. It is stated in Templeton v. Rogers, 450 S.W.2d 900 (Tex. Civ.App., writ dismissed) as follows:

"The rule is clear that a trial court not only has the right, but the duty to accept a partial verdict which will sustain a judgment. The answers made by the jury must be of such a nature that the winning party would be entitled to judgment regardless of what answers may have been given to the unanswered issues. Stalder v. Bowen, 373 S.W.2d 824 (Dallas Civ.App., 1964, error ref., n. r. e.), and cases cited. As hereinafter discussed, had the jury made any answer of any kind to the two damage issues, the defendant would still have been entitled to the judgment rendered."

The undisputed record herein shows that a Mr. Clifton resided in the house here involved from December 1935 until November 1966, and that about 1945 or 1946, he hired a man to wire the house for him, and that Mr. Clifton paid for such installation. The service wires that Mr. Clifton had installed extended from the meter pole into the house and defendant owned no part of that wire. The wire was attached to the house involved and became a part thereof and would be owned by Mrs. Sheridan. Under this record, as a matter of law, the defendant had no right or obligation to relocate the electric line or lines leading to the dwelling prior to the fire unless authorized by the owner. Any answer the jury might have had to Issue No. 4 would not authorize judgment for the plaintiffs. Under this record all that was required was the exercise of a ministerial function rather than a judicial one.

We grant relator's prayer for writ of mandamus to compel Judge L. D. Ratliff to enter judgment for relator as requested. Writ of Mandamus will issue only if he refuses to do so.