Jimmie **BENNETT**, Appellant,

v.

**DICKENS COUNTY ELECTRIC COOPERA-TIVE, INC., Appellee.**

No. 4508.

Court of Civil Appeals of Texas, Eastland.

Dec. 10, 1971.

Brummett & Brummett, Winston Brummett, Lubbock, for appellant.

Conner & Swenson, Spur, Smith & Jesko, Albert Smith, Lubbock, for appellee.

WALTER, Justice.

Jimmie Bennett has appealed from a judgment rendered in obedience to a judgment of the Court of Civil Appeals at Amarillo in a Mandamus proceeding reported in 458 S.W.2d 949 styled Dickens County Electric Cooperative v. Ratliff to which reference is made for all purposes.

■ By appellant's first point he contends the court erred in rendering judgment for the Co-op because the jury failed to answer Issue 4a and 4b. These matters

**320**

were passed on by the Amarillo court and thus become the law of the case. We have examined the record and we find that said issues did not submit ultimate issues and would not have supported a judgment for the appellant.

Appellant's second point is as follows:

"The trial Court erred in admitting into evidence over objection of plaintiffs any evidence indicative of defendant's lack of liability and responsibility for its negligence as concerned any defect, conditions or necessary corrections in the electric lines beyond its meter pole; that admissions of such were prejudicial to plaintiffs and in all reasonable probability resulted in harm and prejudice to plaintiffs in the light of the entire record herein. (Germane to assignment of error number 2.)"

The Co-op objects to the second point because it says the only objection made in the trial court when the evidence was offered was (1) "I am objecting because it is immaterial and irrelevant" and that this is too general for consideration, (2) the evidence complained about in the brief is different from the evidence complained about as shown by the record, (3) the objection to the evidence was waived by appellant when he entered into a stipulation that the evidence offered by the defendant was true, (4) the assignment in the motion for new trial was too general to appraise the trial court which evidence he was complaining about and (5) the evidence was admissable on the appellant's pleaded contract theory and was in reply to evidence which had been offered by the appellant.

We find in appellant's motion for a new trial, under paragraph two, an assignment on jury misconduct. Assignment No. 2 to which the appellant has referred us under his point No. 2 is not germane to his complaint about the admissability of the evidence. We find in paragraph six of the appellant's motion for new trial the following:

"The trial Court erred in admitting into evidence over objection of Plaintiffs any evidence indicative of Defendant's lack of liability and responsibility for its negligence as concerned any defect, conditions or necessary corrections in the electric lines beyond its meter pole; that admissions of such was prejudicial to Plaintiffs and in all reasonable probability resulted in harm and prejudice to Plaintiffs in the light of the entire record herein." We presume that the appellant intended for his point No. 2 to be germane to assignment No. 6 rather than assignment No. 2, and we will consider it on that basis.

Rule 418 Texas Rules of Civil Procedure requires: "If complaint is made of the improper admission or rejection of evidence, the full substance of such evidence so admitted or rejected shall be set out with reference to the pages of the record where the same may be found."

Under argument and authorities in support of the second point, the appellant says: "Such testimony was admitted by the Court over the objection of Appellant. (S.F. 478–480)"

We find in the Statement of Facts on page 476 that the witness B. D. Clifton started his direct testimony. Then on page 478 during the direct examination of Mr. Clifton, attorney for the appellant makes the following objection:

"If it please the Court, we are going to object to this line of questions as immaterial as to when Mr. Clifton may have lived there or any arrangements he may have had with the electric co-op. He is not a party to the lawsuit here. That matter would—the interest of Bennett here, I can't see the materiality of going into any arrangement that he had with the electric co-op any more than anybody else."

Appellee's counsel replied to the objection by saying: "I didn't ask him, Your Honor, about any arrangement. I ask him when he turned the juice on."

Then the attorney for appellant said: "I am objecting because it is immaterial and irrelevant."

And the court said: "All right. Mr. Conner, I do think that would be immaterial."

On page 479 appellant's attorney reiterated its objection that the testimony was immaterial to any issue involved in the lawsuit. Thereafter a conference was held at the court's bench which was not reported and the court thereafter said: "All right. Enter into your stipulation then, gentlemen, we can dispense with this testimony." From this record, it appears that whatever objection the appellant's attorney made was sustained by the court.

 We have considered appellant's point No. 2 and find that he has not discharged his burden of establishing that the admission of such testimony caused the rendition of an improper judgment. Rule 434 T.R.C.P. We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.