**Cora Jean CLAYTON, Appellant,**

v.

**Eva Pauline CLAYTON et al., Appellees.**

**No. 6591.**

Court of Civil Appeals of Texas, El Paso.

Feb. 16, 1977.

Rehearing Denied March 9, 1977.

John H. Green, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., W. O. Shafer, Odessa, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from a final judgment in a consolidated cause of two bill of review proceedings in which the Plaintiff, Cora Jean Clayton, Appellant herein, complained of the adjudication and division of community property in two prior divorce proceedings which terminated two marriages between Appellant and William Mancel Clayton. The first divorce judgment was granted in 1966, and was followed by a remarriage and the second judgment of divorce in

1969. The bills of review were instituted after the death of William Mancel Clayton.

Following trial by jury, the jury reported in open court that they had answered unanimously some of the issues but could not agree on some of the other issues. The Court accepted the verdict and then granted Defendants' motion for judgment. We affirm that judgment.

■ Of the issues answered favorably to the Defendants, there was one in each case of the two consolidated cases which was necessary for the Appellant as Plaintiff to prove to sustain her bill of review action. Having failed to sustain her burden of proof as to a necessary issue in each case, Appellant could not recover against the Appellees, even if she had obtained favorable answers to every other issue. Thus, the answers made by the jury rendered all other issues immaterial. *Foster v. Moorhead*, 382 S.W.2d 280 (Tex.Civ.App.—Houston 1964, n. w. h.); *Dickens County Electric Cooperative v. Ratliff*, 458 S.W.2d 949 (Tex. Civ.App.—Amarillo 1970, n. w. h.); *King v. Smith*, 459 S.W.2d 202 (Tex.Civ.App.—Corpus Christi 1970, n. w. h.); and 4 McDonald, Texas Civil Practice Sec. 17.31 (1971).

■ There is yet another reason why the judgment of the trial Court must be affirmed. That judgment recites that the Court found that the Defendants' motion for instructed verdict should have been granted. Thus, the Court not only found that the Appellees were entitled to judgment on the jury verdict, but also as a matter of law under the evidence in the case. There is no statement of facts in this case and, in the absence of a statement of facts, the verity of the judgment rendered by the trial Court must be presumed. *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951), and *Pruitt v. Morriss*, 517 S.W.2d 654 (Tex.Civ.App.—Tyler 1974, n. w. h.).

The judgment of the trial Court is affirmed.