**Lloyd Wayne OLIVER, Appellant,**

v.

**Joan Colleen OLIVER, Appellee.**

No. 1819.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 21, 1978.

David C. Cobb, Harry Noe, Ellis McCullough, Houston, for appellant.

Claude R. Hazel, Houston, for appellee.

J. CURTISS, BROWN, Chief Justice.

Joan Colleen Oliver (appellee) obtained a default judgment granting her a divorce from Lloyd Wayne Oliver (appellant) on September 12, 1977. The appellant timely filed his motion and amended motion for new trial, which the trial court granted as to the division of property but otherwise overruled on October 4, 1977. The trial court entered judgment dividing the parties' property on November 7, 1977, from which final order the appellant brings this appeal.

The appellant has assigned five points of error. He contends, in his first point, that he was unable to obtain a record of the testimony presented in the original divorce proceeding because no court reporter was present during that proceeding. Although this assertion finds no support in the record, it stands unchallenged by the appellee, and we accept it as true. *Bond v. Bond*, 547 S.W.2d 43 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.); Tex.R.Civ.P. 419. Our supreme court held in *Rogers v. Rogers*, 561 S.W.2d 172 (Tex.Sup.1978), that an appellant is entitled to a new trial where he is "unable to obtain a Statement of Facts from the official court reporter because that court official did not attend the trial of the case." *Id.* at 173.

We realize that *Rogers* has the practical effect of requiring the presence of court reporters in uncontested divorce proceedings and, thus, may burden the courts hearing such cases. We also appreciate that the application of this rule may prove disruptive, since the same contention may be available on writs of error, although it apparently will not afford a basis for having judgments set aside by bills of review. *Clayton v. Clayton*, 547 S.W.2d 719 (Tex.Civ.App.—El Paso 1977, writ dism'd). While we generally favor the policy of having those proceedings reported, whether they be conducted in open court or in chambers, we have previously held that the ap-

pellant must comply with the requirements of Tex.R.Civ.P. 377. *See Brown v. Brown*, 520 S.W.2d 571 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Our inclination in this regard has been preempted, however, by our supreme court's holding in *Rogers*. The appellant's first point of error is therefore sustained. We find it unnecessary to reach his other points, and we express no opinion thereon.

The judgment of the trial court is hereby reversed, and the case is remanded for a new trial.

Reversed and remanded.