E. Don ROTT, Appellant,

v.

W. Robert BROWNE et al., Appellees.

No. 19529.

Court of Civil Appeals of Texas, Dallas.

July 6, 1978.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellant.

B. Robert Baker, Robert D. Hemphill, Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

AKIN, Justice.

The principal question presented on this appeal is whether appellant exercised due diligence in attempting to obtain a statement of facts when it was discovered that the court reporter would be unable to prepare a statement of facts because he had lost his notes. We hold that appellant need not request the trial judge to prepare or to approve a narrative statement of facts under Rule 377 in this situation. Consequently, his failure so to do does not preclude a finding by this court that he exercised due diligence in attempting to procure a statement of facts. Accordingly, we reverse and remand.

This suit was filed on December 1, 1970, and was tried before the court on March 1, 1973. The trial court pronounced judgment in favor of appellees; however, no written judgment was entered until July 11, 1977. After judgment was entered, appellant requested that the court reporter prepare a statement of facts, but the court reporter was unable to find his notes and could not prepare one. Appellant then prepared a narrative statement of facts, filed it with the court, and submitted it to appellee's counsel. However, appellee's counsel rejected the narrative. Appellant then prepared a second narrative which was also rejected by opposing counsel. Appellant did not request the court to approve either narrative until two days before oral argument in this court and well past the sixty-day period in which a transcript and statement of facts must be filed.

Appellant has now filed a motion with this court for leave to file a supplemental transcript containing the trial judge's certificate stating that he is unable to approve or disapprove appellant's proposed narrative statement of facts. Appellant relies on Tex.R.Civ.P. 428 which authorizes a supplemental transcript where anything material to an appeal is omitted from the transcript. However, the matter appellant now seeks to bring before us was not omitted material but was material not in existence when the transcript was filed in this court on December 29, 1977. Thus, Rule 428 is inapplicable

and we know of no other authority that would permit such an extraordinary procedure. Accordingly, we deny appellant's motion for leave to file the supplemental transcript.

We turn now to the merits of the appeal. The general rule is that if an appealing party exercises due diligence and through no fault of his own is unable to obtain a statement of facts for appeal, a new trial is required if appellant's right to have the case reviewed on appeal can be preserved in no other way. *Rogers v. Rogers,* 561 S.W.2d 172, 173 (Tex.1978); *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.1976); *Victory v. Hamilton,* 127 Tex. 203, 91 S.W.2d 697 (1936). Our question then is whether appellant has exercised due diligence.

Appellant argues that he has shown diligence by twice submitting a proposed narrative statement to opposing counsel. He asserts that it was not necessary to submit it to the trial judge and relies on language in *Morgan Express, Inc. v. Perkins,* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd) that an appellant should not have to rely on the unaided memory of the trial judge. We agree. Although *Morgan Express* was a default judgment case, we conclude that the same rationale applies here. Recognizing that in this instance the trial judge's memory could have been aided by appellant since he was present at the trial, appellant should not have to rely on the memory of a judge, who although presumably fair, has already decided the merits of the case against appellant. *Morgan Express, supra,* at 315.

Our conclusion is supported by *Waller v. O'Rear,* 472 S.W.2d 789 (Tex.Civ.App.— Waco 1971, writ ref'd n. r. e.). In that case, the court reporter lost her notes and was unable to prepare the statement of facts. The court reversed and remanded stating that an appellant is entitled to a statement of facts in a question and answer form, and if such a statement of facts is unavailable through no fault of appellant, he is entitled to a retrial of the case. In that case, appellee in his motion for rehearing argued that appellant did not exercise due diligence to

obtain a statement of facts because she did not try to get an agreement with opposing counsel for a statement of facts or to get the trial judge to make up a statement of facts citing Tex.R.Civ.P. 377. Attached to this motion was an affidavit of the trial judge stating that, if requested, he could and would have prepared a statement of facts. In response to this contention, the Waco Court of Civil Appeals held that it would place an unfair burden upon the appellant to have to rely upon the trial judge for a statement of facts because the judge had previously determined the facts in favor of appellees. In accord with this decision, we also hold that appellant should not have to rely on the trial judge's memory in such a situation. This is especially true here where four years elapsed between the time when the judge announced his decision and the time when a final judgment was entered.

Appellees argue, nevertheless, that in order for appellant to satisfy the due diligence requirement he should have submitted the proposed narrative to the trial judge citing Rule 377(d) which provides:

> If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, *the matter shall be submitted to and settled by the trial court.* [Emphasis added]

We cannot agree with appellee's contention that this provision of Rule 377 is controlling with respect to due diligence because the argument ignores Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon Supp.1978). Article 2324 provides that the official court reporter shall attend all court sessions and shall take full shorthand notes of all oral testimony offered, objections to evidence, and all court rulings. The purpose of art. 2324 is to provide the losing party with a full and complete record so that appellate courts may fully review the rulings of the trial court. This purpose cannot be adequately accomplished if a party is required to resort to a narrative statement through no fault

of his own. We conclude, therefore, that Rule 377 must be read in the light of the purpose of art. 2324. Accordingly, we hold that the alternative methods of obtaining a narrative statement of facts under Rule 377 need not be resorted to by an appellant to show due diligence where a reporter took shorthand notes at the trial.

Our holding is supported by *Goodin v. Geller,* 521 S.W.2d 158 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.). In that case, the court reporter lost his notes of the testimony of several witnesses and appellant prepared a proposed stipulated statement of the testimony of these witnesses, but the appellee refused to approve it. Appellee also prepared a proposed stipulated statement of this testimony but appellant likewise refused to approve it. Then the trial judge, upon his own initiative, prepared a statement of facts in narrative form. In reversing and remanding the case, the Waco Court of Civil Appeals held that appellant was entitled to a question and answer statement of facts, unblemished by human interpretation. In commenting on the proposed narrative statement prepared by the trial judge, that court stated:

> The narrative form prepared by the court would amount to no more than a translation by an intermediary, and such translation would be inherently permeated by the personal interpretation of the translator. Regardless of his honesty and integrity, *the trial judge is subject to all the weaknesses of human nature and the frailties of the human mind in reproducing from memory the testimony introduced in a trial.* [Citations omitted] [Emphasis added] 521 S.W.2d at 160.

We agree with the Waco Court of Civil Appeals. In our view, the only way to preserve an appellant's right to have a case properly reviewed on appeal is by a retrial of the case where a statement of facts in question and answer form is unavailable through no fault of his own. *Waller v. O'Rear, supra; Victory v. Hamilton, supra.* This is especially true here because art. 2324 only requires the court reporter to keep his notes for three years. To hold as

appellees would have us do would permit a successful party to deny the losing party an effective appeal by delaying entry of judgment beyond three years thus likely precluding the availability of a question and answer statement of facts. This would be unconscionable.

Reversed and remanded.

GUITTARD, C. J., not sitting.