STEMCO MANUFACTURING COMPANY, INC., Appellant,

v.

LOUIS DELHOMME MARINE, INC., Appellee.

No. 17251.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1978.

Rehearing Denied Nov. 2, 1978.

Lapin, Totz & Mayer, William Petersen, Houston, for appellant.

Charles R. Vickery, Jr., and Don M. Kennedy, Houston, for appellee.

EVANS, Justice.

The appellant has moved this court to reverse and remand the cause for a new trial, alleging that the court reporter's stenographic notes have been lost and that it is, therefore, not possible to obtain and file with this court a full and complete statement of facts. The appellee has filed a reply to the appellant's motion, contending

that the appellant has not shown due diligence in trying to obtain a narrative statement of the evidence by agreement or by request to the trial judge under the provisions of Rule 377, and 378 Texas Rules of Civil Procedure.

■ If an appellant, through no fault of his own and after the exercise of due diligence, is unable to obtain a statement of facts, he may be entitled to a reversal and remand if his right to have the cause reviewed on appeal can be preserved in no other way than by a retrial of the case. *Victory v. Hamilton,* 127 Tex. 203, 91 S.W.2d 697, 700 (1936). If the proceedings in the trial court were not recorded by a court reporter, the appellant is not entitled to a reversal on the ground of the unavailability of a statement of fact unless the appellant makes a showing of no fault or negligence on his part and that he attempted without success to obtain a condensed statement in narrative form under Rule 377 or an agreed statement under Rule 378, Texas Rule of Civil Procedure. *Whatley v. Whatley,* 493 S.W.2d 299 (Tex.Civ.App.— Dallas 1973, no writ); *Phillips v. Phillips,* 532 S.W.2d 161 (Tex.Civ.App.—Austin 1976, no writ). However, where the record establishes that the proceedings were recorded by a court reporter and that the court reporter's notes were lost through no fault or lack of diligence on the part of the appellant, he is entitled to have the case retried if a complete statement of facts is essential to a review of his points on appeal. *Waller v. O'Rear,* 472 S.W.2d 789 (Tex.Civ.App.— Waco 1971, writ ref'd n. r. e.); *Goodin v. Geller,* 521 S.W.2d 158 (Tex.Civ.App.— Waco 1975, writ ref'd n. r. e.).

■ The motion in the case at bar reflects that the appellant's points of error on appeal raise questions for this court's review as to the evidence to support the findings upon which the judgment is based. Under such points of error this court has the burden of reviewing the entire record, and this burden cannot be discharged in the absence of a complete or an agreed statement of facts.

It is quite unlikely that the appellant could have obtained an agreed statement of facts which would permit this court to review these points, and the appellant was not required, under such circumstances, to show that an effort was made to obtain an agreed statement. *Waller v. O'Rear,* supra; *Goodin v. Geller,* supra.

The judgment of the trial court is reversed and the cause is remanded for a new trial. The costs of appeal are taxed one-half against the appellant and one-half against the appellee.