Rosemary HOLDER and Texas Department of Human Resources, Appellants,

v.

**Donald Mack HOLDER, Appellee.**

No. 8665.

Court of Civil Appeals of Texas, Texarkana.

May 22, 1979.

Arthur L. Luethcke, State Dept. of Human Resources, Paris, Pat F. Beadle, County Atty., Clarksville, for appellants.

Jim Hooper, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellee.

HUTCHINSON, Justice.

This parent-child relationship case was filed by Rosemary Holder and Texas Department of Human Resources on November 30, 1977, to establish the paternity of a minor child and the corresponding obligation for its support. An initial hearing before the court was had on December 16, 1977, and additional hearings were had on March 6, 1978, and June 28, 1978, and the judgment sought to be appealed from was signed and entered on June 29, 1978. A timely notice of appeal was filed along with an affidavit by Rosemary Holder of her inability to pay the costs of appeal or to give security therefor. This affidavit was challenged and upon hearing the trial court found and entered its order that Rosemary Holder was financially unable to pay the costs of this appeal or make bond therefor. The transcript was timely filed in this Court and thereafter five requests for extensions of time in which to file the statement of facts have been filed and granted. In the meantime, the term of office of the then presiding district judge expired and the reporter recording these proceedings was replaced and is no longer the official court reporter. Her affidavit to that effect has been here filed wherein she firmly refuses to prepare the statement of facts without payment therefor or the filing of a bond for costs.

Rosemary Holder and Texas Department of Human Resources, represented here by the County Attorney of Red River County and a staff attorney for the Texas Department of Human Resources, now seek to have the cause remanded for a retrial upon the basis of their inability to obtain a statement of facts.

Donald Mack Holder opposes the remand upon the ground that the Texas Department of Human Resources has not paid or offered to pay the former court reporter for the preparation of the statement of facts nor has it filed a bond for costs.

Appellants' brief in support of the motion to remand does not discuss the failure of the Texas Department of Human Resources to file an appeal bond or pay the reporter and thereby obtain the statement of facts. Apparently, appellants, insofar as the Texas Department of Human Resources is concerned, are relying upon the provisions of Article 2276, Tex.Rev.Civ.Stat.Ann., which reads in part as follows:

"Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case."

Appellants in support of the motion to remand cite the following cases: *Minyard v. Southern Pipe & Supply Co., Inc.,* 563 S.W.2d 332 (Tex.Civ.App. Dallas 1978, no writ) (no reporter present); *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978) (no reporter present); *Sherman v. Philips Industries, Inc.,* 560 S.W.2d 154 (Tex.Civ.App. Houston-1st Dist. 1977, no writ) (no reporter present); *Waller v. O'Rear,* 472 S.W.2d 789

(Tex.Civ.App. Waco 1971, writ ref'd n. r. e.) (reporter's notes lost). Additional recent cases addressing the problem are: *Stemco Manufacturing Co., Inc. v. Louis Delhomme Marine, Inc.*, 573 S.W.2d 566 (Tex.Civ.App. Houston-1st Dist. 1978, writ ref'd n. r. e.) (reporter's notes lost); *Rott v. Browne*, 570 S.W.2d 67 (Tex.Civ.App. Dallas 1978, no writ) (reporter's notes lost); *Miller v. Miller*, 569 S.W.2d 592 (Tex.Civ.App. San Antonio 1978, no writ) (no reporter present); *Oliver v. Oliver*, 567 S.W.2d 914 (Tex.Civ. App. Houston-14th Dist. 1978, no writ) (no reporter present); *Garcia v. Kelly*, 565 S.W.2d 112 (Tex.Civ.App. Corpus Christi 1978, no writ) (no reporter present); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App. Dallas 1975, writ ref'd) (no reporter present).

In each of the above cited cases, the record of the evidence was not available and could not be made available. Here the record is available, lacking only for payment or assurance of payment for its transcription. A judicial determination of Rosemary Holder's inability to pay for the transcription or to post a cost bond therefor has been made and that determination is not questioned here. Therefore the question before the Court is whether or not this matter must be remanded upon motion of a state department for retrial simply because of its insistence upon a strict compliance with Article 2276, supra. We think not. It should be noted that such article does not *prohibit* the making of a cost bond by an agency of the state. It merely prohibits the *requirement* that a cost bond be made. This Court will abide by such legislative mandate. In doing so, however, the observation will be made that at least one of the purposes for the enactment of the article was to avoid the additional expense of a cost bond. If this attempted appeal is well founded, that purpose will be defeated by a remand for a second trial, the first of which required the services of two attorneys and at least four court appearances.

Here the statement of facts is available to appellants. Each of the above cited cases as a basis for remand has made the requirement that the party seeking the remand must affirmatively show that it has exercised due diligence and through no fault of its own cannot obtain a statement of facts. No such showing has here been made. In fact, the contrary has been established by appellants. Therefore, appellants' motion to remand for another trial is denied. However, appellants are granted an additional thirty (30) days in which to file in this Court the statement of facts. Upon failure to do so this appeal will be considered without the aid of the statement of facts.

Appellants, Rosemary Holder and Texas Department of Human Resources, having shown that the court reporter's notes have been lost through no fault or lack of diligence on their part and that a complete statement of facts is essential for the review of their points on appeal, now move this Court to reverse and remand this cause for a new trial. The motion is granted. *Stemco Manufacturing Company, Inc. v. Louis Delhomme Marine, Inc.*, 573 S.W.2d 566 (Tex.Civ.App. Houston-1st Dist. 1978, writ ref'd n. r. e.); *Waller v. O'Rear*, 472 S.W.2d 789 (Tex.Civ.App. Waco 1971, writ ref'd n. r. e.).

The judgment of the trial court is reversed and the cause remanded for a new trial.