**Dennis Charles LABICHE III, Appellant,**

v.

**Sherry Weir Labiche KRAWIEC, Appellee.**

**No. 05–84–00766–CV.**

Court of Appeals of Texas, Dallas.

May 20, 1985.

James J. Leonard, Jr., Dallas, for appellant.

Gary P. Patton, Denton, for appellee.

Before GUITTARD, C.J., and McCLUNG and HUGHES[1], JJ.

1. The Honorable W.A. Hughes, Justice, Second Court of Appeals, Fort Worth, retired, sitting by

McCLUNG, Justice.

Dennis Charles Labiche III filed a bill of review to set aside a divorce decree granted upon his default. Sherry Weir Labiche Krawiec, Labiche's former wife, answered with a plea to the jurisdiction alleging that the bill of review was barred by the four-year statute of limitations. At a hearing, the plea was sustained, and the cause was dismissed. On appeal, Labiche contends that the trial court erred in submitting certified findings of fact and conclusions of law in lieu of a statement of facts. We agree with his contention. Consequently, we reverse the trial court's order of dismissal and remand the cause for a new hearing on the merits of the bill of review.

■ In this case, the transcript reflects that the court reporter was present at the hearing on the bill of review. Labiche asserts that he offered evidence in opposition to the limitations plea. However, although a number of requests were made by Labiche, a statement of facts was never prepared by the court reporter. Labiche claims that he was informed by the court reporter that her microphone did not pick up the proceedings or that the tapes were inaudible. When a complete statement of facts is essential to preserve an appellant's right of review and the record shows that the lower court proceedings were recorded by a court reporter, a new trial may be ordered if the appellant in the exercise of due diligence is unable, through no fault of his own, to procure a proper record of the proceedings. *Stemco Manufacturing Co., Inc. v. Louis Delhomme Marine, Inc.*, 573 S.W.2d 566, 567 (Tex.Civ.App—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Goodin v. Geller*, 521 S.W.2d 158, 160 (Tex.Civ. App.—Waco 1975, writ ref'd n.r.e.); *Waller v. O'Rear*, 472 S.W.2d 789, 790 (Tex.Civ. App.—Waco 1971, writ ref'd. n.r.e.)

■ Labiche argues that in the absence of the complete statement of facts he is unable to preserve his right to appeal the trial court's unfavorable rulings on the ad-

assignment.

missibility of evidence he offered to support his bill of review and the "tenor of the hearing itself." The trial court ordered that certain findings of fact and conclusions of law be copied into the transcript in lieu of the statement of facts. The record reflects no agreement on the part of Labiche to this substitution. Instead, Labiche strongly disagrees with the accuracy of the fact findings and legal conclusions. One important area of disagreement is the trial court's finding that Labiche offered no testimony, exhibits, or other evidence of any nature during the hearing. Labiche insists he was denied the opportunity to present evidence of fraud in the original divorce proceeding. If established, the fraud could toll the statute of limitations, making the trial court's order of dismissal for lack of jurisdiction erroneous. *See Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806, 809 (Tex.1979).

Krawiec contends that the absence of a proper statement of facts is immaterial because Labiche's petition shows on its face that this attack on the divorce decree is barred by limitations. We do not agree. The petition alleges numerous areas of misrepresentation by Krawiec in obtaining the 1973 divorce decree. The most significant allegations to the issue at hand are that she committed fraud by claiming: that she did not know of his whereabouts at the time; that she had not had recent contact with Labiche; that she had exhausted all leads to locate or contact him; and that Labiche had not made efforts to contact his children in several years. Labiche also alleges that Krawiec engaged in a pattern and course of conduct to conceal the divorce action from him by making the above-listed claims, deliberately moved around to different addresses, changed the children's names, and consciously attempted to secrete herself and the children from him.

■ In suits based on fraud, the cause of action does not accrue until discovery of the fraud or discovery of facts which would cause a reasonable person to make an inquiry that would lead to discovery of fraud.

*White v. Bond,* 362 S.W.2d 295, 296 (Tex. 1962). This rule was applied in *Estate of Stonecipher,* 591 S.W.2d at 809 to enforce a judgment that, in the absence of fraud, would have been barred by the statute of limitations governing the life and enforceability of judgments.

■ Under the circumstances in this case, we conclude that the findings of fact and conclusions of law certified by the trial court are insufficient for purposes of our review of Labiche's contentions on appeal. A complete statement of facts, showing the full proceedings at the hearing on the plea of limitations, is essential to determine whether any evidence was presented and, if so, the validity of the trial court's rulings on the admissibility of that evidence. Consequently, the trial court's order of dismissal is reversed, and the cause is remanded for a new hearing on Labiche's bill of review.