CV5-373 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00373-CV







Javier Rubio, Appellant



v.



State of Texas, Appellee








FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. CCL-999, HONORABLE FRED CLARK, JUDGE PRESIDING







PER CURIAM



 Javier Rubio appeals from the trial-court judgment awarding a pickup truck to the
State of Texas. A patrol officer with the New Braunfels Police Department stopped Rubio for a
traffic violation. During the stop, the officer concluded that the vehicle identification number had
been altered and seized the vehicle. Tex. Transp. Code Ann. § 501.158 (West 1996) (Certificate
of Title Act). (1) After a hearing under article 47.01a of the Texas Code of Criminal Procedure, the
court rendered judgment awarding the vehicle to the State.

 Rubio brings three points of error, contending that the trial court erred in not
returning the vehicle to Rubio, who has the superior right of possession; in not finding Rubio the
"true owner" of the vehicle; and in finding that there was probable cause that the vehicle was
acquired by theft or by another manner that made its acquisition an offense. We will reverse the
trial-court judgment.



The Record


 The State's brief points out that Rubio tendered his statement of facts late, and the
statement of facts was not filed. The State, however, says that Rubio's presentation of the facts
in its brief is correct. Under Texas Rule of Appellate Procedure 74(f), "[a]ny statement made by
appellant in his original brief as to the facts or the record may be accepted by the court as correct
unless challenged by the opposing party." See Jones v. American Economy Ins. Co., 672 S.W.2d
879, 881 (Tex. App.--Dallas 1984, no writ) (no statement of facts; appellee 's brief stated that
appellant's statement of the case was accurate; court accepted statements in brief about amount
of damages); Oliver v. Oliver, 567 S.W.2d 914, 914 (Tex. Civ. App.--Houston [14th Dist.] 1978,
no writ) (statement that no court reporter present at divorce proceeding not supported by record
but accepted as correct); Whatley v. Whatley, 493 S.W.2d 299, 301 (Tex. Civ. App.--Dallas 1973,
no writ); see generally 6 Texas Civil Practice § 39.6 (Diane M. Allen et al. eds., 1992 ed.). We
will therefore consider as correct the statements that Rubio has a proper certificate of title for the
vehicle; that he did not acquire the vehicle by theft; and that the State relied only on the alteration
of the identification number as evidence of theft.



Disposition of Stolen Property


 The State seized Rubio's vehicle under provisions of the Certificate of Title Act
(the "Act"):



(a) A peace officer may seize a vehicle or part of a vehicle without a warrant
if the officer has probable cause to believe that the vehicle or part:


 (1) is stolen; or


 (2) has had the serial number removed, altered, or obliterated.


(b) A vehicle or part seized under this section may be treated as stolen property
for purposes of custody and disposition of the vehicle or part.



Act, § 501.158.

 The trial court awarded the vehicle to the State under the provisions of the Code
of Criminal Procedure allowing disposition of stolen property when no criminal action relating
to that property is pending. Tex. Code Crim. Proc. Ann. art. 47.01a (West Supp. 1996) (article
47.01a). Under article 47.01a(b),



[i]f it is shown in a hearing that probable cause exists to believe that the property
was acquired by theft or by another manner that makes its acquisition an offense
and that the identity of the actual owner of the property cannot be determined,
[then the property may be awarded to the State or destroyed].



Under article 47.01a(c), at that hearing,



any interested person may present evidence showing that the property was not
acquired by theft or another offense or that the person is entitled to possess the
property.



The State argues that article 47.01a means that if a piece of property has ever been stolen, then
the property must be forfeited to the State, regardless of the manner in which the person from
whom the property was seized acquired that property.

 The State is concerned that a broad interpretation of article 47.01a is necessary to
discourage traffic in stolen vehicles. The State argues that the remedy for a purchaser in Rubio's
position is to sue the dealer who sold him the vehicle. Although we share the State's concern
about encouraging traffic in stolen vehicles, we think the State has alternative remedies available
and we need not strain to interpret article 47.01a to address that concern.

 The Act states that it is to be liberally construed to lessen and prevent the theft of
motor vehicles. Act, § 501.003(1). The Act itself contains criminal penalty provisions for
certain violations. For example, it is a third degree felony to place a serial number on a vehicle
with the intent to change the identity of the vehicle. Act, § 501.151. The Act also regulates
businesses dealing with vehicles. For example, the master or captain of a ship or airplane must
make an inquiry to determine the ownership of a motor vehicle before accepting a vehicle for
transport. Act, § 501.156.

 The Penal Code (2) contains provisions that make tampering with identification
numbers an offense. Tex. Penal Code Ann. § 31.11 (West 1994). A person commits an offense
if he possesses property and either knows that the serial number or other permanent identification
marking has been removed, altered or obliterated or a reasonable person in the actor's position
would have known that the serial number had been tampered with. Id. § 31.11(a)(2)(A), (B).

 For property covered by the Certificate of Title Act, we think the provisions of the
Act and the Penal Code are adequate to deal with policy concerns concerning traffic in stolen
vehicles because they provide criminal penalties. In this context, we think article 47.01a simply
provides a procedure for the orderly disposition of property. Under article 47.01a(c), a person
may show that the property seized was not acquired by theft or that the person is entitled to
possess the property. All that we need to decide, in the absence of any competing claim other
than the State's, is whether Rubio is entitled to possess the property.

 A certificate of title is not conclusive evidence of ownership. Keller v. Judd, 671
S.W.2d 604, 606 (Tex. App.--San Antonio 1984, no writ). It is, however, prima facie proof of
title. Southwestern Investment Co. v. American Nat'l Bank, 374 S.W.2d 318, 321 (Tex. Civ.
App.--Amarillo 1964, writ ref'd n.r.e.). It creates a rebuttable presumption of ownership in the
named individual. Evidence as to actual ownership may overcome the presumption. Keller, 671
S.W.2d at 606; Minter v. Joplin, 535 S.W.2d 737, 738 (Tex. Civ. App.--Amarillo 1976, no writ).

 Rubio produced a proper certificate of title, making a prima facie case that he is
the owner of the vehicle. The State presented no evidence that the vehicle actually had been stolen
or that anyone other than Rubio was the "true owner" of the vehicle. Although the altered vehicle
identification number may have created a presumption that the vehicle was at one time stolen and
triggered a hearing under article 47.01a, it is not enough to overcome Rubio's prima facie case. 
Because the State presented no evidence that it is entitled to possession of the truck, we sustain
Rubio's first point of error and do not need to reach his other two points of error. Accordingly,
we reverse the trial-court judgment and render judgment that Rubio take possession of the vehicle.




Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Rendered

Filed: August 14, 1996

Do Not Publish

1.   Formerly, Tex. Rev. Civ. Stat. Ann. art. 6687-1. Act of May 1, 1995, 74th Leg., R.S.,
ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1025-1871. Because the codification was non-substantive, the current Code will be cited for convenience.
2.   The provisions concerning tampering with motor vehicle identification numbers were
formerly found in the Certificate of Title Act. Act of May 2, 1991, 72d Leg., R.S., ch. 113,
§ 5, 1991 Tex. Gen. Laws 688.